## JUST ET AL. *v.* CHAMBERS, EXECUTRIX.

No. 373.   Argued February 5, 6, 1941.—Decided March 3, 1941.

*Mr. W. O. Mehrtens,* with whom *Messrs. Samuel W. Fordyce, Walter R. Mayne,* and *M. L. Mershon* were on the brief, for petitioners.

*Mr. Raymond Parmer,* with whom *Mr. Vernon S. Jones* was on the brief, for respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

Respondent, as executrix of the estate of Henry C. Yeiser, Jr., owner of the yacht "Friendship II," brought this proceeding in admiralty for limitation of liability. 46 U. S. C. 183. Petitioners presented claims for damages for personal injuries due to carbon monoxide gas poisoning alleged to have occurred on board the vessel. It was cruising at the time within the territorial limits of the State of Florida and petitioners were guests of the owner. On the owner's death, petitioners' claims were filed against his estate.

Upon the facts the District Court found liability to the claimants and denied limitation upon the ground of neglect of duty by the owner. The court held that under a statute of Florida the claimants' causes of action survived the owner's death.

Upon appeal from the interlocutory decree (28 U. S. C. 227) the Circuit Court of Appeals ruled that all the findings of fact made by the District Judge were supported by the evidence; that, as the injuries thus proved were not occasioned without the knowledge or privity of the shipowner, respondent could not have limitation; that as the ship was at fault as well as the owner the causes of action *in rem* survived the owner's death and the claimants on that ground might recover up to

the value of the ship, but that under the governing principles of admiralty law the personal liability of the owner did not survive. 113 F. 2d 105. Because of the importance of the question as to the enforceability in admiralty of the claims for personal injuries against the estate of the deceased tortfeasor, we granted certiorari, 311 U. S. 634.

In support of the judgment of the Circuit Court of Appeals, respondent asks us to review the evidence with respect to the cause of the claimants' injuries and the breach of duty by the shipowner, contending that the evidence was insufficient to support the findings. Applying the well-established rule, we accept the concurrent findings of the courts below upon these matters (*Texas & New Orleans R. Co.* v. *Railway Clerks,* 281 U. S. 548, 558) and we confine our attention to the question of the survival of the causes of action.

There is no question that there was a maritime tort. There is also no question that the injury occurred within the territorial limits of Florida and that under the local statute, as construed by the Supreme Court of the State, the causes of action survived against the wrongdoer's estate. This was recognized by the Circuit Court of Appeals. 113 F. 2d p. 107. Compiled General Laws of Florida (1927), § 4211; *Waller* v. *First Savings & Trust Co.,* 103 Fla. 1025, 1047, 1049; 138 So. 780; *Granat* v. *Biscayne Trust Co.,* 109 Fla. 485, 488; 147 So. 850; *State ex rel. Wolfe Construction Co.* v. *Parks,* 129 Fla. 50, 56, 57; 175 So. 786.

The statutory provision for limitation of liability, enacted in the light of the maritime law of modern Europe and of legislation in England, has been broadly and liberally construed in order to achieve its purpose to encourage investments in shipbuilding and to afford an opportunity for the determination of claims against the vessel and its owner. *Norwich Company* v. *Wright,* 13

Wall. 104, 121. It looks to a complete disposition of what may be a "many cornered controversy," thus applying to proceedings *in rem* against the ship as well as to proceedings *in personam* against the owner, the limitation extending to the owner's property as well as to his person. *The City of Norwich,* 118 U. S. 468, 503; *Hartford Accident Co.* v. *Southern Pacific Co.,* 273 U. S. 207, 216. It applies to cases of personal injury and death as well as to cases of injury to property. *Butler* v. *Boston Steamship Co.,* 130 U. S. 527, 552; *The Albert Dumois,* 177 U. S. 240, 259. The limitation extends to tort claims even when the tort is non-maritime. *Richardson* v. *Harmon,* 222 U. S. 96.

When the jurisdiction of the court in admiralty has attached through a petition for limitation, the jurisdiction to determine claims is not lost merely because the shipowner fails to establish his right to limitation. We have said that the court of admiralty in such a proceeding acquires the right to marshal all claims, whether of strictly admiralty origin or not, and to give effect to them by the apportionment of the *res* and by judgment *in personam* against the owner, so far as the court may decree. And that, if Congress has this constitutional power, it necessarily follows, as incidental to that power, that it may furnish a complete remedy for the satisfaction of those claims by distribution of the *res* and by judgments *in personam* for deficiencies against the owner, if he is not released by virtue of the statute. *Hartford Accident Co.* v. *Southern Pacific Co., supra,* p. 217. While it is recognized that the equitable rule for retaining jurisdiction in order completely to dispose of a cause does not usually apply in admiralty, the proceeding for limitation of liability is different from the ordinary admiralty suit and, by reason of the statute and rules governing it, the court of admiralty has authority to grant an injunction and thus bring litigants

into the admiralty court. There is thus jurisdiction to fulfill the obligation to do equity to claimants by furnishing them a complete remedy although limitation is refused. *Id.,* p. 218.

But respondent contends that to permit recovery upon the claims here in question would do violence to a precept of the admiralty law that causes of action for personal injury die with the person. Respondent argues that the source of this principle was not the common law [1] but the civil law [2] and that it should be regarded as an integral part of the maritime law, considered as an independent body of law, and hence can be changed only by Congress, which has not acted. [3]

Whether the particular rule now invoked is so securely based in our maritime law [4] that a different one can be established only by legislation and not by the exercise of the judicial power responding to present standards of justice, [5] we need not now consider. For, while the injury occurred on navigable waters, these were within the limits of Florida whose legislation provided that the cause of action should survive. And it is not a principle of our maritime law that a court of admiralty must invariably refuse to recognize and enforce a liability which

[1] As to the rule in the common law, see Holdsworth's History of English Law, Vol. 3, pp. 576–578.

[2] Inst. Just. Lib. IV, Tit. XII, Cooper, p. 364, Sandars, p. 476.

[3] The "Death on the High Seas" Act, 46 U. S. C. 761–768, is not applicable, as it occupies a limited field and even as to wrongful death provides that the provisions of state statutes shall not be affected.

[4] The rule of the non-survival of a cause of action against a deceased tortfeasor has but a slender basis in admiralty cases in this country. See *Crapo* v. *Allen,* 6 Fed. Cas. (No. 3360) 763; *Cutting* v. *Seabury,* 1 Sprague 522, 525; *In re Statler,* 31 F. 2d 767, 36 F. 2d 1021; *Cortes* v. *Baltimore Insular Line,* 287 U. S. 367, 371. The precise question here presented does not seem to have been authoritatively determined.

[5] See *The Lottawanna,* 21 Wall. 558, 572–574.

388

the State has established in dealing with a maritime subject. On the contrary, there are numerous instances in which the general maritime law has been modified or supplemented by state action, as e. g. in creating liens for repairs or supplies furnished to a vessel in her home port. *The Lottawanna,* 21 Wall. 558, 580; *The J. E. Rumbell,* 148 U. S. 1, 12.[6] With respect to maritime torts we have held that the State may modify or supplement the maritime law by creating liability which a court of admiralty will recognize and enforce when the state action is not hostile to the characteristic features of the maritime law or inconsistent with federal legislation. *The City of Norwalk,* 55 F. 98; *Western Fuel Co.* v. *Garcia,* 257 U. S. 233, 242; *Great Lakes Dredge Co.* v. *Kierejewski,* 261 U. S. 479; *Vancouver Steamship Co.* v. *Rice,* 288 U. S. 445.[7]

This is illustrated, in the cases cited, by the effect given in admiralty to state legislation creating liability for wrongful death. The leading continental States of Europe, whose jurisprudence was developed from the civil law, have given a remedy in such a case,[8] but a right of action was denied by the common law and likewise by the admiralty in England. And this Court, upon an elaborate review of the decisions, concluded that no suit for wrongful death would lie "in the courts of the United States under the general maritime law." *The Harrisburg,* 119 U. S. 199, 213. See, also, *The Corsair,* 145 U. S. 335, 344. The absence of a federal or state

[6] Many other instances are listed in *The City of Norwalk,* 55 F. 98, 106, 107.

[7] See, also, *Grant Smith-Porter Co.* v. *Rohde,* 257 U. S. 469, 477, 478; *Millers' Underwriters* v. *Braud,* 270 U. S. 59, 64. Compare *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205, 216, 220; *Chelentis* v. *Luckenbach S. S. Co.,* 247 U. S. 372; *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149; *Robins Dry Dock Co.* v. *Dahl,* 266 U. S. 449.

[8] Hughes on Admiralty, Chap. X, §§ 108–110, pp. 224–226. See, also, *The Harrisburg,* 119 U. S. 199, 212, 213.

statute giving a right of action was emphasized. But when a State, acting within its province, has created liability for wrongful death, the admiralty will enforce it.

There was a careful and comprehensive exposition of this subject by Judge Addison Brown in *The City of Norwalk, supra,* decided shortly after *The Corsair, supra.* He observed that if it was not within the power of the State to create such a liability in a maritime case, the statutes of the majority of the States would be void so far as they related to deaths in cases arising on navigable waters. But the validity of judgments in the state courts giving damages in such cases, and the validity of the statutes on which they rested, had been sustained. *Steamboat Company* v. *Chase,* 16 Wall. 522; *Sherlock* v. *Alling,* 93 U. S. 99. The grounds of objection to the admiralty jurisdiction in enforcing liability for wrongful death were similar to those urged here; that is, that the Constitution presupposes a body of maritime law, that this law, as a matter of interstate and international concern, requires harmony in its administration and cannot be subject to defeat or impairment by the diverse legislation of the States, and hence that Congress alone can make any needed changes in the general rules of the maritime law. But these contentions proved unavailing and the principle was maintained that a State, in the exercise of its police power, may establish rules applicable on land and water within its limits, even though these rules incidentally affect maritime affairs, provided that the state action "does not contravene any acts of Congress, nor work any prejudice to the characteristic features of the maritime law, nor interfere with its proper harmony and uniformity in its international and interstate relations." It was decided that the state legislation encountered none of these objections. The many instances in which state action had created new rights,

recognized and enforced in admiralty, were set forth in *The City of Norwalk,* and reference was also made to the numerous local regulations under state authority concerning the navigation of rivers and harbors. There was the further pertinent observation that the maritime law was not a complete and perfect system [9] and that in all maritime countries there is a considerable body of municipal law that underlies the maritime law as the basis of its administration. These views find abundant support in the history of the maritime law and in the decisions of this Court.

In *The Hamilton,* 207 U. S. 398, there was a proceeding in admiralty for limitation of liability in respect of a collision on the high seas, both vessels belonging to corporations of the State of Delaware. The Court held that a Delaware statute giving damages for wrongful death was a valid exercise of the legislative power, and that there was thus created a personal liability of the owner to the claimants which admiralty would respect. Moreover, as the case was one for limitation of liability, the Court noted that the federal statute had enabled the owner to transfer liability to a fund and to the exclusive jurisdiction of admiralty and hence "all claims to which the admiralty does not deny existence" must be recognized. In *La Bourgogne,* 210 U. S. 95, 139, also a limited liability proceeding, the reasoning of *The Hamilton* was followed in the ruling that, as the case was one of a French vessel and the law of France gave a right of action for wrongful death, our court of admiralty would enforce the claim.

Finally, in *Western Fuel Co.* v. *Garcia, supra,* the Court deemed it to be the logical result of prior decisions that where death "results from a maritime tort committed on navigable waters within a State whose statutes give a right of action on account of death by

---

[9] See *The Blackheath,* 195 U. S. 361, 365.

wrongful act, the admiralty courts will entertain a libel *in personam* for the damages sustained by those to whom such right is given." The libel there failed solely because suit was barred by the state statute of limitations. And the criterion applied in determining the validity and effect of the state legislation was set forth in substantially the same terms as those stated in *The City of Norwalk,* above quoted. *Western Fuel Co.* v. *Garcia, supra,* p. 242.

This criterion is manifestly not limited to cases of wrongful death. It is a broad recognition of the authority of the States to create rights and liabilities with respect to conduct within their borders, when the state action does not run counter to federal laws or the essential features of an exclusive federal jurisdiction. See *Minnesota Rate Cases,* 230 U. S. 352, 402–410. We see no reason why, under this test, the Florida rule in providing for the survival of a cause of action against a deceased tortfeasor for injuries occurring on navigable waters within the limits of the State should not be applied.

Respondent argues that, in relation to wrongful death, the maritime law had left the matter "untouched" (*The Harrisburg, supra*) and thus the state law was admitted to supplement the maritime law, while in the instant case there is a positive rule of admiralty against the survival of the cause of action. That is, in the one case, there is said to be a "void" in the maritime law, which the state law may fill, while in the other there is an attempt to modify an existing principle. This is a subtlety which we think does not merit judicial adoption. The admiralty rule in the case of wrongful death can be stated either negatively or positively, and the result does not turn on the mere mode of expression. The pith of the matter is that the maritime law, as we conceived it, did not permit recovery, and in the same sense, in substance,

the maritime law denied the survival of causes of action against a deceased tortfeasor. The maritime law would be supplemented or modified by state legislation in the one case as truly as in the other, and either supplement or modification is permissible in accordance with the accepted criterion.

Our decisions in the wrongful death cases also meet the further argument which is addressed to lack of uniformity. For whatever lack of uniformity there may be in giving effect to the state rule as to survival is equally present when the state rule is applied to wrongful death, or, for that matter, in any case when state legislation is upheld in its dealing with local concerns in the absence of federal legislation. Uniformity is required only when the essential features of an exclusive federal jurisdiction are involved. But as admiralty takes cognizance of maritime torts, there is no repugnancy to its characteristic features either in permitting recovery for wrongful death or in allowing compensation for a wrong to the living to be obtained from a tortfeasor's estate. *A fortiori,* in applying the established rules as to proof of claims in limitation proceedings, petitioners, brought into admiralty, were entitled to have their claims against the shipowner's estate heard and determined.

The judgment of the Circuit Court of Appeals is reversed and that of the District Court is affirmed.

*Reversed.*