**THE FRIENDSHIP II.**

**CHAMBERS v. JUST et al.**

No. 10461.

Circuit Court of Appeals, Fifth Circuit.

May 10, 1943.

Rehearing Denied June 11, 1943.

Raymond Parmer, of New York City, and N. J. Durant, of Miami, Fla., for appellant.

Walter R. Mayne, of St. Louis, Mo., and M. L. Mershon and W. O. Mehrtens, both of Miami, Fla., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Charlotte Just and Anne Gruner Wilson, appellees, sustained personal injuries due to carbon monoxide gas poisoning while cruising in Florida waters aboard the Yacht Friendship II as guests of Henry Yeiser, Jr., the owner of the yacht. Yeiser died shortly thereafter, and his executrix brought suit for exoneration from or limitation of liability. These issues were settled against appellant by an interlocutory decree which ultimately was affirmed by the Supreme Court,[1] and the cause proceeded to trial on the question of damages. The final decree, from which the executrix brought this appeal, awarded the sum of $35,000 to Mrs. Just and $5,000 to Mrs. Wilson.

Since appellate review in admiralty is the equivalent of a hearing de novo of the issues presented on the trial,[2] we have no occasion to state separately the several contentions made, but may treat them as consolidated in the one real question for decision, namely, what is the extent of the damages shown by a preponderance of the evidence to have been sustained by each of the respective appellees by reason of the negligence of appellant's decedent.

With regard to Mrs. Just, the facts relevant to the issue of damages are these: She was 26 years of age at the time of the accident, in good health, and was the mother of one child whose companionship and affection she coveted. After being exposed to a high concentration of carbon monoxide gas for more than two hours, she was treated with hypodermics in the open air and was removed to a hospital. She did not recover full consciousness for more than twenty-four hours, and was kept under an oxygen tent an aggregate of twenty hours during the first three days. After her discharge from the hospital she remained under the care of a trained

---

[1] Just v. Chambers, 312 U.S. 383, 668, 61 S.Ct. 687, 85 L.Ed. 903.

[2] The Louisville (Gibson v. Halliday), 154 U.S. 657, 14 S.Ct. 1190, 25 L.Ed. 771; Reid v. Fargo, 241 U.S. 544, 36 S.Ct. 712, 60 L.Ed. 1156; Brooklyn Eastern District Terminal v. United States, 287 U.S. 170, 53 S.Ct. 103, 77 L.Ed. 240.

nurse until after she had reached her home in Missouri, and she has been continuously under the care of one or more physicians at all times since the accident.

The accident occurred on March 2, 1936, and the issue of damages was tried in the court below in May, 1942. From expert opinion evidence based both upon personal knowledge and upon a case history of the contrast between Mrs. Just's behavior before the accident and during the six-year period thereafter, it is clear that she suffered a brain injury from which she will never entirely recover. Her memory was seriously and permanently impaired; her vivid interest in her family, her friends, and her accustomed activities has been supplanted by a lethargic indifference toward all the normal interests that make life worth living; her nervous system was unbalanced, causing almost habitual depressive neurosis with fits of crying and occasional suicidal tendencies. She has incurred heavy medical expenses, which will continue to accrue for an indeterminable future time; and circumstances may require that she be confined in an asylum at considerable expense.

For these injuries and the pain and suffering incident thereto, and for necessary expenses incurred and to be incurred in her care and treatment, Mrs. Just is entitled to reasonable damages; but she is not entitled to recover excessive costs of care and treatment attributable to indulgence rather than necessity. We fix her damages at the sum of $25,000.

Mrs. Wilson, too, was overcome by the gas; she was treated by a physician aboard the yacht, recovered consciousness two hours after she was removed from the poisoned air, and was able to .return to her residence that evening. Prior to the accident she enjoyed good health, but for several months after the cruise she suffered violent headaches, attacks of dizziness, and a mild form of amnesia. She became very nervous and moody, lost much weight, and contracted anaemia, from which she continued to suffer for several years. A causal connection was established between these ailments and the inhalation of the gas. Mrs. Wilson's health gradually improved with the passing of time and the treatment of her physician, and, though minor recurrences appeared as late as 1942, her injuries may not be considered per-

manent. We fix her damages at the sum of $3,500.

The decree appealed from is modified by reducing the amount of the damages awarded to Mrs. Just from $35,000 to $25,000, and by reducing the award to Mrs. Wilson from $5,000 to $3,500, and, as so modified, the decree is affirmed. The costs of appeal are assessed 50% against appellant, 40% against Mrs. Just, and 10% against Mrs. Wilson.

HUTCHESON, Circuit Judge, concurs in the result.