## McDONALD v. NEW ST. LOUIS & CALHOUN PACKET CORPORATION.

### No. 665.

District Court, N. D. Alabama, N. W. D.

Sept. 9, 1943.

W. F. McDonnell, of Sheffield, Ala., for plaintiff.

Carmichael & Carmichael, of Tuscumbia, Ala., for defendant.

MURPHREE, District Judge.

Sarah M. McDonald, as administratrix, filed a suit in the Circuit Court of Colbert County, Alabama, at law, May 19, 1942, to recover damages for the wrongful death of her intestate while a passenger on the steamboat "Idlewild" during the course of an excursion trip from the City of Sheffield in Colbert County, Alabama, to a point along the Tennessee River and return, within the territorial limits of the State of Alabama. A petition for removal of the said action to this court was duly filed on June 18, 1942, which alleged in part: "Your petitioner states as a cause for the removal of this said action that this question involves a federal question giving to the United States District Court exclusive jurisdiction in all matter of admiralty and maritime cognizance; that this action is based upon a tort committed aboard a duly licensed and enrolled vessel of the United States while under way and navigating one of the navigable streams of the United States. And therefore exclusively within the admiralty and maritime jurisdiction of the United States District Court for the Northwestern Division of the Northern District of Alabama." On the 8th day of February, 1943, the Judge of the Circuit Court of Colbert County entered an order of removal, and a certified transcript of the record was duly filed in the District Court of the United States for the Northwestern Division of the Northern District of Alabama, on February 12, 1943. Thereupon, the said Sarah M. McDonald, as administratrix, through her attorneys, on February 13, 1943, filed a motion to have the said cause remanded by the District Court to the Circuit Court of Colbert County, Alabama, on several grounds therein set forth.

■ From the averments contained in the petition for removal, the motion to remand, and the written briefs filed with the court by counsel representing both parties, the court conceives that the question raised by the parties here is whether an action for wrongful death growing out of an alleged maritime tort committed within the territorial limits of the State of Alabama is (1) within the jurisdiction of the state courts of Alabama, or (2) within the exclusive jurisdiction of Federal District Courts. The tort is alleged to have been committed upon navigable waters within the State of Alabama and there was no question that the complaint is based on a maritime tort. The Propellor Genesee Chief v. Fitzhugh, 12 How. 443, 14 L.Ed. 1058; The Friendship II, 5 Cir., 113 F.2d 105.

The action is in personam and the authorities dealing with in rem proceedings are not applicable to the question before the court in this case. Likewise, cases having to do with whether the court shall apply the Law of Admiralty or the State Law, or whether the law of the State of Alabama shall be held to constitute a part of Admiralty Law, or is inconsistent therewith, do not apply.

■ Considering the sole question involved, that is, whether the cause should be remanded to the state court, it is clear that it should on the following authorities:

In Steamboat Co. v. Chase, 83 U.S. 522, 523, 16 Wall. 522, 21 L.Ed. 369, it was held that under the ninth section of the Judiciary Act approved September 24, 1789, providing: "The District Courts shall have exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common-law remedy when the common law is adequate to give it", that an action

for the wrongful death taking place upon the waters of Narraganset Bay was maintainable in the state courts of Rhode Island, and that the State and Federal courts were of concurrent jurisdiction. This case was promptly followed by the case of Sherlock et al. v. Alling, Administrator, 93 U.S. 99, 23 L.Ed. 819, which allowed recovery in the state courts of Indiana for the wrongful death taking place on the Ohio River, and the action was held not to be within the exclusive jurisdiction of United States Courts.

In the very recent case of The Friendship II, 5 Cir., 113 F.2d 105, Judge Hutcheson, in a dissenting opinion, gives a complete exposition of the law relating to actions of wrongful death in admiralty cases, and although the question there involved abatement of the action because of the death of defendant, the matter is discussed in the light of actions for wrongful death generally. The opinion leaves little doubt of the right of the plaintiff administratrix. to bring her suit in the Circuit Court of Colbert County, Alabama. The Supreme Court of the United States, in Just et al. v. Chambers, Executrix, 312 U.S. 383, 668, 61 S.Ct. 687, 85 L.Ed. 903, confirmed and virtually adopted Judge Hutcheson's dissenting opinion as the opinion of the court on appeal, and the objection raised to the jurisdiction of the state court and the right of removal to the Federal court are there amply answered and refuted.

The court is of the opinion that this case comes within the exception of the general maritime law giving exclusive original cognizance to district courts of all civil cases of admiralty and maritime jurisdiction saving to all suitors in all cases the right of the common law remedy when the common law is adequate to give it.

The administratrix was given her remedy for wrongful death by the Alabama Statute, Section 123, Title 7 of the Code of Alabama. This act is in no way inconsistent with the United States Statutes or laws relating to admiralty or maritime jurisdiction, and though the right is purely a creature of statute enacted after the passage of the Judiciary Act of 1789, 1 Stat. 73, and was a right that did not exist at common law, nevertheless under the saving clause of said Judiciary Act of 1789 the said "wrongful death" statute of Alabama is available to the plaintiff and preserves her right to bring her suit and enforce her remedy within the state courts of Alabama. The case is sought to be removed, not on di-

versity of citizenship, but because it is contended the Federal District Court has exclusive original jurisdiction. The case of Ross v. Pacific Steamship Co., D.C., 272 F. 538, sufficiently answers this contention.

The case will be remanded to the state court.