## In re TAYLOR et al.

## THE BIG CHIEF.

### No. 1145.

United States District Court
E. D. Missouri, Southeastern Division.

Jan. 18, 1949.

Ward & Reeves, of Caruthersville, Mo., for petitioners.

Von Mayes and Fred L. Henley, both of Caruthersville, Mo., John M. Drane, of Newbern, Tenn., Joe Riddle, of Tiptonville, Tenn., and Jack O. Knehans and Oscar A. Knehans, both of Cape Girardeau, Mo., for claimants.

HULEN, District Judge.

Our memorandum, D.C., 75 F.Supp. 496, on petitioners' request for limitation of liability under Admiralty Rule 51, 28 U.S. C.A., recites the history of the case prior to reference to Commissioner. The Commissioner has filed his report. There were eleven death claims filed with the Commissioner. Allowances were recommended on eight under the Missouri death "penalty" statute, Sec. 3652, R.S.Mo.1939, Mo.R.S.A., two were under the Missouri death compensatory statute, Laws of Mo.1945, page 846, Mo.R.S.A. § 3654, no allowance was recommended on one death claim. Petitioners only except. Their objections go solely to the allowances made on claims presented under the Missouri death "penalty" statute.

Most claimants filed claims under both statutes and were required to make election

at the conclusion of their cases. The Commissioner found in some cases claimants electing to proceed under the "penalty" statute had suffered no unpaid compensatory damages because before the claims against the ferry owners were passed on in this proceeding like · claims had been filed against the owners of the two 'barges involved and settlement by the barge owners had been consummated. It was stipulated, in this case, that the amount paid by the barge owners should be credited on any amounts allowed on the same claim. On no claim does the recommendation exceed the statutory amount, including sums paid by barge owners.

Able and resourceful counsel frankly state they can find no authority ruling the question as petitioners present it—can damages under a State death "penalty" statute be adjudged in an admiralty court? We find no specific ruling either way.

Petitioners initiated this proceeding under Federal statutes and attempted to limit liability under Title 46 U.S.C.A. § 183:

"The liability of the owner of any vessel * * * for any loss, damage, or injury by collision * * * incurred, without the privity * * * of such owner * * * shall not * * * exceed the amount or value of the interest of such owner in such vessel, and 'her freight then pending."

Following the statute Admiralty Rule 51 provides:

"When * * * the * * * owners (of any ship) shall be sued, for any * * * loss * * * by collision * * * such owner * * * (desiring) to claim the benefit of limitation of liability * * * shall * * * file a libel or petition in the proper District Court * * * praying proper relief in that behalf; and thereupon said court * * * shall issue a monition against all persons claiming damages for any such * * * injury, citing them to appear before the said court and file their respective claims * * *; and the said court shall also, on the application of the said owner or owners, *make an order to restrain the further prosecution of all and any suit or suits against said owner or owners in respect to any such claim or claims.*" (Emphasis added.)

The Federal Code, in effect at the time the claims originated, 28 U.S.C.A. § 41(3), provided that Federal courts shall have jurisdiction:

"Of all civil causes of admiralty * * * *saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it * * *.*" (Emphasis added.)

The Revised Code, 28 U.S.C.A. § 1333(1), on admiralty jurisdiction is:

"Any civil case of admiralty or maritime jurisdiction, *saving to the libellant or petitioner in every case any other remedy to which he is otherwise entitled.*" (Emphasis added.)

In the Reviser's notes we find this with reference to the new Code revision:

"The 'saving to suitors' clause in sections 41(3). and 371(3) of Title 28, U.S.C. 1940 ed., was changed by substituting the words 'any other remedy to which he is otherwise entitled' for the words 'the right of a common-law remedy where the common law is competent to give it.' The substituted language is simpler and more expressive of the original intent of Congress and is in conformity with rule 2 of the Federal Rules of Civil Procedure abolishing the distinction between law and equity."

In 1920 an Act was passed, 46 U.S.C.A. §§ 761–768, giving a right of action in admiralty for death "on the high seas". It *does not apply* on the Great Lakes or inland waterways. The last section reads:

"The provisions of *any State statute* giving or regulating rights of action or remedies for death shall not be affected by this chapter. * * *" (Emphasis added.)

These statutes must determine the rights of the parties, by what they provide and fail to provide. We conceive the determinative record upon which these laws must operate to be: Petitioners' request for limitation of liability has been denied; prior to the filing by petitioners of petition for limitation of liability one of the claimants had instituted a suit in the State court under the Missouri death "penalty" statute on the same claim upon which allowance was made by the Commissioner; all other claimants had that right; at the request of petitioners we issued a monition restraining

the prosecution of any and all claims in the State court growing out of the collision between the tugboat Big Chief, the tow and the tugs Fred B. Zigler on July 28, 1946, and directed they be filed before the Commissioner.

Consideration should be given to the present character of this proceeding. Had this cause been dismissed on ruling denying petitioners' request for limitation of liability, all claimants could have resorted to the State courts and prosecuted their causes of action for death under either of the Missouri death statutes. The Missouri "penalty" statute applies only to carriers. The operation being conducted by petitioners at the time the deaths occurred was that of a carrier. The statute expressly refers to ship operations. American Steamboat Co. v. Chase, 16 Wall. 522, 83 U.S. 522, 21 L.Ed. 369. The equity rule for retaining jurisdiction in order completely to dispose of the cause over which the Court has jurisdiction does not apply ordinarily in admiralty proceedings. Proceedings for limitation of liability differ from ordinary admiralty cases. Under the Federal statutes and admiralty rules to effect the remedy of limitation of liability an admiralty court can grant an injunction and bring all litigants before it and in one proceeding settle all matters where the claims, as here, grew out of one collision. That was precisely what petitioners did, but failed in the limitation part of the proceeding because they were in privity to the cause of the loss. But limitation of liability having been refused this Court is still under obligation to furnish a complete remedy to all parties. Hartford Accident Co. v. Southern Pacific Co., 273 U.S. 207, 47 S.Ct. 357, 71 L.Ed. 612. In Just v. Chambers, 312 U.S. 383, 61 S.Ct. 687, 690, 85 L.Ed. 903, a case like the present one aside from the question of the claimants' right to recover under a "penalty" statute, the Court said:

"When the jurisdiction of the court in admiralty has attached through a petition for limitation, the jurisdiction to determine claims is not lost merely because the shipowner fails to establish his right to limitation. We have said that the court of admiralty in such a proceeding acquires the right to marshal all claims, whether of strictly admiralty origin or not, and to give effect to them by the apportionment of the res and by judgment in personam against the owner, so far as the court may decree."

This is now a proceeding in personam. The ferry being a complete loss the rem phase of the case is moot. The statute and admiralty rule virtually acted as a removal proceeding of these cases from the State to the Federal court. No admiralty statute or rule specifically controls procedure after limitation was denied.

Next we examine the statute on which claimants base their substantive right and which petitioners label as a "penalty" statute and so labeling would apply authorities on strictly penalty statutes.

The statute in question should not be confused with one imposing a pure penalty, such as a fine to be recovered by the State. A proceeding with no connection whatever between a loss suffered and the recovery. The statute, § 3652, R.S.Mo. 1939, Mo.R.S.A., under consideration calls for payment "as a penalty" of not less than $2,000.00 nor more than $10,000.00 for death. Recovery is confined, first to husband or wife, next to minor children, or if the deceased be a minor to the father or mother, and if neither class exists then recovery is to next of kin. In the Grier case, Grier v. Kansas City, C. C. & St. J. Ry. Co., 286 Mo. 523, 228 S.W. 454, the entire amount recoverable was declared a penalty. In a later case, Jackson v. St. Louis-San Francisco Ry. Co., Mo.Sup., 211 S.W.2d 931, the same Court qualified the language of the Grier case:

"It is true that the sum recoverable under the penal section has been held to be a penalty. Grier v. Kansas City C. C. & St. J. Ry. Co., 286 Mo. 523, 228 S.W. 454. On the other hand it has also been held that the penalty section permits an award for pecuniary loss as well as for penalty, even though the whole award it treated as penalty." 211 S.W.2d loc. cit. 936.

Statutes of the character involved are not regarded by the Federal courts as strictly penal. This has been decided where enforcement was sought in a foreign state or a Federal court. For a comprehensive discussion of the subject see Huntington v.

Attrill, 146 U.S. 657, 13 S.Ct. 224, 227, 36 L.Ed. 1123:

Penal laws, strictly and properly, are those imposing punishment for an offense committed against the state, and which, by the English and American constitutions, the executive of the state has the power to pardon. Statutes giving a private action against the wrongdoer are sometimes spoken of as penal in their nature, but in such cases it has been pointed out that neither the liability imposed nor the remedy given is strictly penal.

"* * * So in an action given by statute to a traveler injured through a defect in a highway, for *double* damages against the town, it was held unnecessary to aver that the facts constituted an offense, or to conclude against the form of the statute, because, as Chief Justice Shaw said: 'The action is *purely remedial,* and has none of the characteristics of a penal prosecution. All damages for neglect or breach of duty operate to a certain extent as punishment; but the distinction is that it is prosecuted for the purpose of punishment, and to deter others from offending in like manner. Here the plaintiff sets out the liability of the town to repair, and an injury to himself from a failure to perform that duty. The law gives him *enhanced* damages; but still they are recoverable to his own use, and in form and substance the suit calls for *indemnity.* Reed v. [Inhabitants of] Northfield, 13 Pick. [Mass.] 94, 100, 101 [23 Am. Dec. 662]."

That enhanced recovery over and above monetary loss may be obtained under the Missouri statute does not make it strictly a penalty statute. We consider the pronouncement of the Jackson case as stating the correct view of the statute.

The various Federal statutes under consideration use the term "remedy". What character of remedy? In Chelentis v. Luckenbach Steamship Co., 247 U.S. 372, 38 S. Ct. 501, 503, 62 L.Ed. 1171, the Supreme Court said:

" 'It is not a remedy in the common-law courts which is saved, but a common-law remedy.' If the suit be in personam against an individual defendant, with an auxiliary attachment against a particular thing, or against the property of the defendant in general, it is essentially a proceeding according to the course of the common law, and within the saving clause of the statute * * * of a common-law remedy."

Claimants are here with a common-law remedy to enforce a right given them by State statute. Enforcement of the right is not exclusive in admiralty or Federal courts where the case is in personam. See American Steamboat Co. v. Chase, supra, 16 Wall. 522, 21 L.Ed. loc. cit., 372:

"* * * but when the suit is in personam against the owner, the party seeking redress may proceed by libel in the district court, or he may, at his election, proceed in an action at law, either in the circuit court if he and the defendant are citizens of different states, or in a state court as in other cases of actions cognizable in the state and Federal Courts exercising jurisdiction in common law cases, as provided in the 11th section of the judiciary act. Leon v. Galceran, 11 Wall. 185, 188, 20 L. Ed. 74, 75. He may have an action at law, in the case, supposed, either in the circuit court or in a state court, because the common law in such a case is competent to give a party a remedy, the right to such a remedy is reserved and secured to suitors by the saving clause contained in the 9th section of the judiciary act."

What of the right which claimants have been forced to maintain in this admiralty court by "common law remedy"? Petitioners assert we should not recognize it because we bear the technical name of admiralty. We conclude the common law remedy given by the judiciary act is to enforce the right given them by the State law, subject to certain restrictions. The substantive right of claimants is based on the Missouri statute. This we cannot ignore. We find no case where admiralty courts in circumstances such as here presented have deviated from the letter of the State statute. The case of Old Dominion Steamship Co. v. Gilmore, 207 U.S. 398, 28 S.Ct. 133, 135, 52 L.Ed. 264, an opinion by Justice Holmes, sustained the right to recover for death under a State statute in admiralty:

"We pass to the other branch of the first question,—whether the *state law,*

*being valid, will be applied in admiralty.* Being valid, it created an obligatio,—a personal liability of the owner of the Hamilton to the claimants. Slater v. Mexican Nat. R. Co. 194 U.S. 120, 126, 24 S.Ct. 581, 48 L.Ed. 900, 902. This, of course, the admiralty *would not disregard,* but would respect the right when brought before it in any legitimate way." (Emphasis added.)

The Missouri death statute has been held constitutional by both the Missouri and the United States Supreme Court. Shaffer v. Chicago R. I. & P. R. Co., 300 Mo. 477,.254 S.W. 257, affirmed 263 U.S. 687, 44 S.Ct. 228, 68 L.Ed. 507.

And in Just v. Chambers, supra, 312 U.S. loc. cit. 391, 61 S.Ct. loc. cit. 693, 85 L.Ed. 903, the Court said of the remedy given in the Judiciary Act:

"This criterion is manifestly not limited to cases of wrongful death. *It is a broad recognition of the authority of the States to create rights and liabilities with respect to conduct within their borders, when the state action does not run counter to federal laws of the essential features of an exclusive federal jurisdiction."* (Emphasis added.)

So the question resolves itself—Does the Missouri statute relied on run counter to Federal law? We find none in conflict. Does it do violence to any essential of an exclusive Federal jurisdiction? Recovery under the death statutes of different states will result in some lack of uniformity both in amount of recovery and who may maintain the action, but the Supreme Court ruled in the Just case, 312 U.S. loc. cit. 392, 61 S.Ct. loc. cit. 693, 85 L.Ed. 903:

"For whatever lack of uniformity there may be in giving effect to the state rule as to survival is equally present when the state rule is applied to wrongful death, or, for that matter, in any case when state legislation *is upheld in its dealing with local concerns in the absence of federal legislation. Uniformity is required only when the essential features of an exclusive federal jurisdiction are involved.* But as admiralty takes cognizance of maritime torts, there is no repugnancy to its characteristic features either in permitting

recovery for wrongful death or in allowing compensation for a wrong to the living to be obtained from a tortfeasor's estate. A fortiori, in applying the established rules as to proof of claims in limitation proceeding, petitioners, brought into admiralty, were entitled to *have their claims against the shipowner's estate heard and determined."* (Emphasis added.)

The State courts have jurisdiction in these cases absent limitation and injunctive process. It was only defeated by petitioners' erroneous assumption the limitation of liability act applied. Absent limitation proceeding this Court could only acquire jurisdiction of these cases if there was diversity of citizenship. Claimant's substantive right is based on a State statute; the procedure is admiralty as proclaimed by the Federal courts. Maritime law is silent on recovery for death in any form in the accident. Neither the Constitution nor Federal act declares the claims invalid if authorized by State law. There is no Federal common law. We hold "the essential features of an *exclusive* federal jurisdiction" are not involved.

Objections that to enforce rights under the State death statute in admiralty proceedings would interfere with harmony in administration in admiralty were further answered in the Just case by this observation:

"But these contentions proved unavailing and the principle was maintained that a State, in the exercise of *its police power, may establish rules applicable on land and water within its limits, even though these rules incidentally affect maritime affairs,* provided that the state action 'does not contravene any acts of Congress, nor work any prejudice to the characteristic features of the maritime law, nor interfere with its proper harmony and uniformity in its international and interstate relations'". (Emphasis added.)

And it was held in the Old Dominion Steamship case, supra:

"Apart from the subordination of the state of Delaware to the Constitution of the United States, there is no doubt that it would have had power to make its statute

applicable to this case." 207 U.S. loc. cit.. 403, 28 S.Ct. loc. cit. 133, 52 L.Ed. 264.

The Court then ruled:

"The grant of admiralty jurisdiction, followed and construed by the judiciary act of 1789 (1 Stat. at L. 77, chap. 20, § 9), 'saving to suitors, in all cases, the right of a common-law remedy where the common law is competent to give it' (Rev.Stat. § 563, cl. 8, U.S.Comp.Stat.1901, p. 457 [now 28 U.S.C.A. § 1333(3)]), leaves open *the common-law jurisdiction of the state courts over torts committed at sea.* * * * And as the state courts in their decisions would *follow their own notions about the law and might change them from time to time,* it would be strange if the state might not make changes by its other mouthpiece, the legislature.

\* \* \* \* \* \*

"If it gave the latter, the result would not be, as suggested, to create different laws for different. districts. *The liability would be recognized in all. Nor would there be produced any lamentable lack of uniformity.* Courts constantly enforce rights arising from and depending upon other laws than those governing the local transactions of the jurisdiction in which they sit." 207 U.S. 398, 28 S.Ct. loc. cit. 134, 52 L.Ed. loc. cit. 270.

The Court then took notice that the statutes of the United States had enabled the owner to transfer its liability to the exclusive jurisdiction of the admiralty, just as petitioners did in this case.

*"In such circumstances all claims to which the admiralty does not deny existence must be recognized, whether admiralty liens or not.* This is not only a general principle * * * but is the result of the statute which provides for, as well as limits, the liability, and allows it to be proved against the fund." (Emphasis added.)

The saving clause in the judiciary act is in harmony with the rules of decision act:

"The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply." 28 U.S.C.A. § 1652.

We believe the rules of decision act has application and as finally settled in Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487:

"Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in *any case* is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision *is not a matter of federal concern.* There is no federal general common law. Congress has no power to declare substantive rules of common law applicable in a state whether they be local in their nature or 'general,' be they commercial law or a part of the law of torts. And no clause in the Constitution purports to confer such a power upon the federal courts." 304 U.S. loc. cit. 78, 58 S.Ct. loc. cit. 822. (Emphasis added.)

We find no opinion in which the Supreme Court has extended the Erie doctrine to other than diversity cases. The reasons for applying it in diversity cases clearly exist in this case after limitation of liability was denied. Since the claimants could have tried their cases in State courts but are forced by order to this Court there should be no difference in result, whether the trial be in a Federal or State court. This case is here through error of petitioners. The result of petitioners' error was to deprive the claimants of their undoubted right to trial in a State court. Petitioners' conduct in transferring these cases to Federal court jurisdiction cannot destroy, in whole or part, claimants' substantive rights under the State statute, unless we have misconstrued the spirit and purpose of the Erie decision, rules of decision act, and saving clause in the judiciary act.

Petitioners place emphasis on that line of cases holding not only will State compensation laws not be permitted to extend to admiralty or maritime cases but that acts of Congress seeking to authorize application of such State laws to maritime cases are unconstitutional. Knickerbocker Ice

274

Co. v. Stewart, 253 U.S. 149, 40 S.Ct. 438, 64 L.Ed. 834, 11 A.L.R. 1145. The workmen's compensation cases are readily distinguishable from claims based on the death statute in issue. Workmen's compensation acts prescribe rules and regulations, such as the posting of notices, carrying of certain types of insurance, reporting claims, etc., with which all employers must comply. They may be complied with for weeks, months, or years, without a claim, to say nothing of a death action, arising under them. They regulate the employer's business to the extent necessary for their operation and it is this regulation that prescribes their application to maritime cases, because there would be as many different rules and regulations affecting maritime operations and business as there are States with navigable streams or ports.

We conclude, claimants being forced to resort to a common law remedy in an admiralty court in personam to enforce claims based on a State statute, that claimants' substantive rights, as distinguished from procedural, are derived from the State statute and are the same as if the case had been tried in the State court, and claimants are entitled to their substantive rights under the Missouri death statutes. Quoting from the Just case:

"* * * if it was not within the power of the State to create such a liability in a maritime case, the statutes of the majority of the States would be void so far as they related to deaths in cases arising on navigable waters. But the validity of judgments in the state courts giving damages in such cases, and the validity of the statutes on which they rested, had been sustained." See Shaffer v. C. R. I. & P. R. Co., supra.

We will not disturb the Commissioner's findings as to amounts recommended for allowance on the various claims. The record shows a painstaking, careful examination of the subject by him. He had the same record before him as this Court has and in addition saw the parties and heard testimony presented. The record supports his recommendations.

Appropriate order may be submitted.