**William J. MEADE, Plaintiff,**

v.

**A. S. LUKSEFJELL and A. S. Rudolf, Defendants.**

United States District Court
S. D. New York.
Feb. 20, 1957.

Edward A. Sullivan, New York City, for plaintiff.

Pyne, Brush, Smith & Michelsen, New York City, for defendants. James A. Dilkes, New York City, of counsel.

DAWSON, District Judge.

This is an action pending upon the law side of this court, in which recovery is sought for injuries alleged to have been sustained by the plaintiff due to negligence of the defendants. The plaintiff died after the action was started and this matter comes on by motion to substitute his executors as plaintiffs in the action.

Diversity of citizenship is alleged in the complaint. The right of recovery is not sought under any federal statute nor under any principle

peculiarly applicable to maritime law. The alleged accident took place on a ship at a dock in New York City. While the maritime law does not provide for the survival of personal rights of action in tort, Decker v. Moore-McCormack Lines, D.C.Mass.1950, 91 F.Supp. 560, a New York statute does provide that no cause of action for injury to person or property shall be lost because of the death of the party in whose favor the cause of action existed. N.Y. Decedent Estate Law, McK.Consol.Laws, c. 13, § 119.

The question is therefore whether a maritime tort committed on a ship within the territorial waters of New York abates upon the death of the injured person or whether the New York statute has the effect of causing the action to survive, and if so whether that statute may be applied in an action pending in this court.

■ While the judicial power of the federal courts extends "to all Cases of admiralty and maritime Jurisdiction", U.S.Const. art. III, § 2, this does not mean that a state statute may not create a right of recovery for a maritime tort, in the absence of legislation by Congress; nor does it mean that such a cause of action may not be enforced in a federal admiralty court. Old Dominion S.S. Co. v. Gilmore, 1907, 207 U.S. 398, 28 S.Ct. 133, 52 L.Ed. 264.

In maritime law, the historic rule has been that maritime torts do not survive. This doctrine has to a significant extent been abrogated by state survival statutes. Thus where the tort occurred within the territorial limits of the State of Florida and that State had a statute providing that a cause of action survives against the estate of a wrongdoer, the Supreme Court held that the cause of action did survive even though the action was brought in the federal district court sitting in admiralty. Just v. Chambers, 1941, 312 U.S. 383, 668, 61 S.Ct. 687, 85 L.Ed. 903.

■ A recent action in the United States District Court in Massachusetts concerned a maritime tort occurring within the territorial waters of that State. The Court of Appeals for the First Circuit held that the plaintiff was entitled by the Massachusetts survival statute to maintain a cause of action for her deceased husband's pain, mental anguish, loss of wages and medical expenses, even though he had died between the time of the commission of the tort and the trial of the action. O'Leary v. United States Lines Co., 1 Cir., 1954, 215 F.2d 708, certiorari denied, 1955, 348 U.S. 939, 75 S.Ct. 360, 99 L.Ed. 735. Thus the maritime law may be supplemented or modified by state legislation providing for the survival of causes of action either against the estates of deceased tort-feasors or in favor of the estates of deceased tort victims.

The Judiciary Act gives to the district court jurisdiction over any civil case of admiralty or maritime jurisdiction, saving to the libellant or petitioner in every case any other remedy to which he is otherwise entitled. 28 U.S.C. § 1333(1). In the present case the estate of plaintiff has a remedy to which it is entitled, i.e., to continue the action after the death of plaintiff. This remedy survives because of the New York statute; the provisions of Title 28 specifically permit suitors to pursue remedies to which they are otherwise entitled, even though the case is one of admiralty or maritime jurisdiction. Congress has not asserted jurisdiction over the question of abatement and revival of maritime torts. In the absence of action by Congress the right granted by the New York statute continues and the action is not abated. In this action pending on the law side of this court, the Court may apply the New York statute.

The motion to substitute the executors as plaintiffs in the action is granted. So ordered.