**Benito De Jesus SANTIAGO, Libelant,**

v.

**THE Steamship INES, her engines, boilers, etc., and A. H. Bull Steamship Company, Respondents.**

No. 85.

United States District Court
D. of Puerto Rico,
San Juan Division.

Oct. 2, 1958.

Stanley L. Feldstein, San Juan, P. R., for libelant.

Hartzell, Fernandez & Novas, San Juan, P. R., for respondents.

RUIZ-NAZARIO, District Judge.

This is a suit in admiralty which is in personam, as no in rem jurisdiction has been acquired by this Court. The libelant sued for personal injuries allegedly suffered aboard the S.S. Ines, allegedly caused by a defective winch and the negligence of the master and crew of the said vessel.

Libelant died of cancer on April 28, 1956, and respondent now urges the Court to dismiss the suit on the ground that the suit has abated and no substitution of a proper party has been made within the statutory period.

■ The libel alleges a maritime tort that it is said occurred in the territorial waters of Puerto Rico. Although the rule in admiralty, albeit on a slender basis, seems to be that a cause of action for a personal injury dies with the person, a court of admiralty does not necessarily have to refuse to recognize and enforce a liability which the State has established. Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210; The City of Norwalk, D.C., 55 F. 98; Just v. Chambers, 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903. As stated in the last case cited, "The maritime law would be supplemented or modified by state legislation * * * and either supplement or modification is permissible in accordance with the accepted criterion." 312 U.S. at page 392, 61 S.Ct. at page 693.

■ In Puerto Rico, within whose territorial limits the alleged wrongful injury occurred, Rule 25(a) (1) of the

Rules of Civil Procedure, 32 L.P.R.A. Appendix provides as follows:

"(a) Death.

"(1) If a party dies and the claim is not thereby extinguished the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party. * * *"

However, it must be remembered that this procedural rule, which is a copy of Federal Rule of Civil Procedure 25(a)(1), 28 U.S.C.A., can in no way control the course of a suit in admiralty. The inquiry here is whether a substantive right of survival of the cause of action according to the Puerto Rican legislation abates upon death of the injured person. The Supreme Court of Puerto Rico in P. R. Ry. Lt. & Power Co. v. District Court, 38 P.R.R. 305, held that the source of heirs' rights in connection with substitution and continuation of a decedent's action for personal injuries in their names was, not the substitution statute, section 69 of the Code of Civil Procedure, but sections 1803 and 1804 and sections 664 and 669 of the Civil Code, a body of substantive law. Indeed, the cited case is a repudiation of the maxim actio personalis moritur cum persona.

■ Rule 25(a)(1) of the Puerto Rican Rules of Civil Procedure is not applicable to this suit, as, although the admiralty court will enforce an obligation created under substantive state law, it in no way is bound by procedural rules of the State courts. It is not, in effect, only another court of the State, as in diversity cases. As stated in Levinson v. Deupree, 345 U.S. 648, 73 S.Ct. 914, 97 L.Ed. 1319, it is bound to enforce it as it finds it (the obligatio) but is not bound beyond that to strive for uniformity of results in procedural niceties with the courts of the jurisdiction which originated the obligatio. The situation herein is not like that in Western Fuel v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210, where the Court held that a time limitation attached to the right of action created by a State in a wrongful death statute is binding in the Federal Forum.

■ Wrongful death statutes, whose purpose was precisely to fill the same common-law void that persists in admiralty to this day, are founded on a very different theory from that of the Civil Code of Puerto Rico, and time limitations contained in such statutes are so much of the essence of the right they confer that they necessarily operate as a bar to the enforcement of the statutory obligation. " * * * The statutes create a new legal liability, with the right to a suit for its enforcement, provided the suit is brought within 12 months, and not otherwise. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. * * *" The Harrisburg, 119 U.S. 199, at page 214, 7 S.Ct. 140, 147, 30 L.Ed. 358.

■ The provisions of Rule 25(a)(1) of the Puerto Rican Rules of Civil Procedure operate, not as a limitation of a liability *itself* created by statute, but a limitation on the remedy—applicable to proceedings in the State courts and of course in a *law action* in the Federal forum, under Federal Rule 25(a)(1) of Civil Procedure which is the parent of Rule 25(a)(1) of Puerto Rico. See Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436. It is *not* as in the case of Lord Campbell's Acts, a condition attached to the right to sue at all. The question of substitution presently before this Court is controlled by Admiralty Rule 23, 28 U.S.C.A., which permits amendments in matters of substance. As the cause of action in this suit did not abate upon the death of libelant, respondents' motion is denied and the heirs of libelant are granted a period of thirty days from the date of this order, within which to amend the libel herein by substituting, as libelants, their names in the place of their decedent.