**Shirley PIMIENTA, Administratrix of the Estate of Ralph Pimienta, Deceased, Plaintiff,**

**v.**

**MARINE NAVIGATION CO., Inc. and Marine Transport Lines, Inc., Defendants.**

**No. 63 Civ. 620.**

United States District Court
S. D. New York.

June 6, 1966.

Cooper, Ostrin, DeVarco & Ackerman, New York City, for plaintiff, Herbert DeVarco, New York City, of counsel.

Cadwalader, Wickersham & Taft, New York City, for defendants, John A. Sullivan, New York City, of counsel.

CANNELLA, District Judge.

Motion by the defendants pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings, dismissing plaintiff's complaint to the extent that it seeks to recover for wrongful death and pain and suffering by reason of any alleged unseaworthiness of the S.S. Marine Voyager on the ground that such are not claims upon which relief can be granted, is granted in part and denied in part.

Motion by the plaintiff deemed made pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to amend the complaint to include the New York Wrongful Death Statute,[1] is denied without prejudice to amend the complaint to include the New York survival statute.[2]

On January 27, 1963, the decedent reported on board the S.S. Marine Voyager, docked in Brooklyn, New York, in the capacity of deck maintenance. Shortly thereafter while working with the Chief Mate in the vicinity of the 'tween deck of the No. 4 hatch, decedent fell from the 'tween hatch to the next lower deck. He was taken off the ship to an ambulance and was dead on arrival at Long Island Hospital.

---

1. New York Decedent Estate Law, McKinney's Consol.Laws, c. 13, § 130.

2. New York Decedent Estate Law, § 119.

The decedent's widow was appointed as Administratrix of his estate. The complaint alleges two causes of action, viz., for conscious pain and suffering of the decedent and for wrongful death. Both causes of action are alleged in the alternative under the Jones Act and/or the unseaworthiness of the vessel.

The court will first deal with the cause of action for wrongful death. The Supreme Court in Lindgren v. United States, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686 (1930) held that recovery for a seaman's death cannot be sustained on the ground of unseaworthiness since the Jones Act (46 U.S.C. § 688) provided the exclusive right of action based on the negligence for the death of seamen killed in the course of their employment. "[T]he Merchant Marine Act [commonly called the Jones Act] is one of general application intended to bring about the uniformity in the exercise of admiralty jurisdiction required by the Constitution, and necessarily supersedes the application of the death statutes of the several States." Lindgren v. United States, supra, 281 U.S. at 44, 50 S.Ct. at 210.

■ The Supreme Court in Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964) reaffirmed the position it took in the Lindgren case, viz., that there can be no recovery for the wrongful death of a seaman on the ground of unseaworthiness and that the plaintiff's exclusive right is under the Jones Act based on negligence.

■ Therefore the wrongful death cause of action of the complaint must be dismissed to the extent that it is based on unseaworthiness. Of course the entire cause of action does not fall since it is quite properly based, in the alternative, on the Jones Act.

■ The complaint also seeks to recover damages, for the estate, for the conscious pain and suffering of the decedent before death on the basis of the Jones Act and/or the unseaworthiness of the vessel. There is no doubt that the Jones Act, through § 9 of the Federal Employers' Liability Act, 45 U.S.C. § 59, provides for the survival after a seaman's death of a claim based on negligence. Gillespie v. United States Steel Corp., supra, 379 U.S. at 157, 85 S.Ct. 308.

■ Further, a cause of action for pain and suffering based on unseaworthiness will survive the death of seaman if a state survival statute is effective to preserve his rights. Gillespie v. United States Steel, supra at 157, 85 S.Ct. 308. "Presumably any claims, based on unseaworthiness, for damages accrued prior to the decedent's death would survive, at least if a pertinent state statute is effective to bring about a survival of the seaman's right." Kernan v. American Dredging Co., 355 U.S. 426, 430 n. 4, 78 S.Ct. 394, 397, 2 L.Ed.2d 382 (1958). Cf. Just v. Chambers, 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903, modified, 312 U.S. 668, 61 S.Ct. 687, 85 L.Ed. 903 (1941).

■ Although the plaintiff has not pleaded such a survival statute, in view of the liberality in allowing amendments of the pleading in the interest of justice, the court hereby grants plaintiff permission to amend his complaint to include the New York survival statute [with respect to the cause of action for pain and suffering]. Therefore, the defendant's motion for judgment on the pleadings to dismiss the first cause of action insofar as it is based on unseaworthiness, is denied. Thus, the question of whether there should be recovery for pain and suffering on the basis of unseaworthiness should not be decided merely on the pleadings, but should be decided on the trial of the issues.

Defendant further alleges [citing The Corsair, 145 U.S. 335, 12 S.Ct. 949, 36 L.Ed. 727 (1892)], that the cause of action for pain and suffering is defective since it fails to aver that the decedent was conscious from the time of his fall until the time he was pronounced dead or that his pain and suffering were not substantially contemporaneous with his death and inseparable as a matter of law from it.

The Supreme Court in the *Gillespie* case while not explicitly overruling the *Corsair* case does not follow the holding in that case.[3] The court in *Gillespie*, supra, 379 U.S. at 158, 85 S.Ct. at 314, stated:

"In this day of liberality in allowing amendment of pleadings to achieve the ends of justice, the issue whether the decedent's estate could recover here for pain and suffering prior to death should not have been decided finally by the Court of Appeals on the basis of mere pleading. Therefore the question whether damages can be recovered for pain and suffering prior to death * * * will remain open." [Until determined by trial].

Therefore, in the light of this liberal trend and the language in the *Gillespie* case, this court finds no justification for dismissing the cause of action for pain and suffering on the ground asserted by the defendant.

So ordered.

---

3. In the Corsair case the Supreme Court held that the failure to aver that decedent was conscious for some time after the occurrence of his injury precluded recovery of such damages.