<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

---

**No. 04-1667**

---

CAROL AMAKA UME,

Petitioner,

versus

JOHN D. ASHCROFT, Attorney General for the
United States,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals. (A73-618-284)

---

Submitted: December 23, 2004          Decided: January 10, 2005

---

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Oscar L. Amorow, AMOROW & KUM, P.A., Takoma Park, Maryland, for
Petitioner. Peter D. Keisler, Assistant Attorney General, James S.
Hunolt, Senior Litigation Counsel, Sarah Maloney, OFFICE OF
IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Carol Amaka Ume, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals ("Board") denying her motion to reconsider its denial of her motion to reopen removal proceedings.[*] We have reviewed the administrative record and the Board's order and find that the Board did not abuse its discretion. See INS v. Doherty, 502 U.S. 314, 323-24 (1992). Additionally, we conclude that Ume's due process claim is without merit. See Blanco de Belbruno v. Ashcroft, 362 F.3d 272, 278 (4th Cir. 2004); Rusu v. INS, 296 F.3d 316, 321-22, 324 (4th Cir. 2002). Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*]While we lack jurisdiction to review the Board's denial of Ume's motion to reopen because she did not petition for review of that order within thirty days, see 8 U.S.C. § 1252(b)(1) (2000), we conclude that we have jurisdiction to review the Board's order denying the motion to reconsider. See 8 U.S.C. § 1252(b)(6) (2000); Stone v. INS, 514 U.S. 386, 393 (1995) (concluding that when "amending the [Immigration and Nationality Act] Congress chose to depart from the ordinary judicial treatment of agency orders under reconsideration").

- 2 -