**AMERICAN HOME ASSURANCE CO., as subrogee of Delaware Valley Aviation, Inc., and Delaware Valley Aviation, Inc., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 74–321.**

United States District Court, M. D. Pennsylvania.

Feb. 20, 1975.

Allen E. Ertel, Williamsport, Pa., for plaintiffs.

**658**

Michael J. Pangia, Trial Atty., Aviation Div., Dep. of Justice, Washington, D. C., for defendant.

## OPINION

MUIR, District Judge.

The Plaintiffs allege damages for the loss of an aircraft which crashed while en route from Atlantic City, New Jersey to Block Island, New York on August 26, 1972. Neither the occupants of that plane nor any remains of the aircraft have ever been found. The Plaintiffs contend that the crash was caused by adverse weather which was encountered by the aircraft as a result of the failure of the Defendant to advise the pilot of potential weather hazards and to instruct a change in course.

The Plaintiffs have alleged the jurisdiction of this Court under the Federal Tort Claims Act, 28 U.S.C. § 1346 et seq. and under the Suits in Admiralty Act, 46 U.S.C. § 741 et seq. The Government does not contest our jurisdiction under the Federal Tort Claims Act. However, it has filed a motion to dismiss with respect to our alleged jurisdiction under the Suits in Admiralty Act.

■ Disposition of this motion is completely controlled by the Supreme Court's decision in Executive Jet Aviation v. City of Cleveland, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972). That case held that the mere fact that an alleged wrong takes place or has its effect on or over navigable waters is not by itself sufficient to turn an aviation tort case into a "maritime tort". Rather, for such a case to be cognizable in admiralty, the alleged wrong must bear a significant relationship to "traditional maritime activity".

■ The Plaintiffs urge that Executive Jet notwithstanding, admiralty jurisdiction does lie in the Court. They first attempt to distinguish Executive Jet from this case by pointing out that the flight there was between two points within the continental United States. The flight in question here was from one part of the continental United States to an island accessible only by air

or sea. This attempted distinction seizes upon the Supreme Court's example in Executive Jet of a plane flying from New York to London which crashes in the mid-Atlantic as a *possible* instance where "traditional maritime activity" might be found. Significantly, however, this example immediately follows a sentence in which the Supreme Court reserves judgment on the question of whether an aviation tort can ever, *under any circumstances*, bear a sufficient relationship to traditional maritime activity so as to be cognizable in admiralty. The drift of the Executive Jet opinion is that the Supreme Court has serious doubts as to whether airplane accidents are proper subjects of admiralty suits. Thus, this Court does not feel that the fact that Block Island was separated from the mainland is sufficient alone to distinguish this case from Executive Jet and support a finding that it may be brought in admiralty.

■ Turning to the traditional maritime activity test of Executive Jet, the Plaintiffs next contend that weather problems are traditional factors with which navigators and seamen are concerned and, consequently, since weather reports are at the heart of this suit, the case is one of admiralty. The Court does not agree with this analysis. Simply because seamen concern themselves with a particular matter does not automatically make it a "traditional maritime activity." Many other individuals are concerned with weather and their concern is not exclusively related to activities which occur only over navigable waters.

Combining the Supreme Court's limited view of admiralty jurisdiction in aviation tort cases with a conclusion that no "traditional maritime activity" has been demonstrated here, this Court holds that the instant suit is not cognizable under the Suits in Admiralty Act. Consequently, the Defendant's motion to dismiss with respect to jurisdiction under 46 U.S.C. § 741 et seq. will be granted.

An appropriate order will be entered.