Jeston HOLLAND, Appellant,

v.

SEA–LAND SERVICE, INC., Appellee.

Jeston HOLLAND, Appellee,

v.

SEA–LAND SERVICE, INC., Appellant.

Nos. 80–1647, 80–1648.

United States Court of Appeals, Fourth Circuit.

Argued March 4, 1981.

Decided July 24, 1981.

Jeffrey A. Breit and John H. Klein, Norfolk, Va. (Breit, Rutter & Montagna, Norfolk, Va., on brief), for appellant.

H. Keith Jarvis and John R. Crumpler, Jr., Norfolk, Va. (Seawell, McCoy, Dalton, Hughes, Gore & Timms, Norfolk, Va., on brief), for appellee.

Before BUTZNER, PHILLIPS and MURNAGHAN, Circuit Judges.

BUTZNER, Circuit Judge:

Jeston Holland, denied a new trial, appeals from a judgment of the district court awarding him $175 for injuries he sustained in a longshoring accident. Sea-Land Services, Inc., cross appeals, claiming that the Virginia law of contributory negligence bars any recovery by Holland. We conclude that Virginia law, rather than the maritime doctrine of comparative negligence, is applicable and reverse the judgment.

I

Holland was employed as a longshoreman by the Nacirema Operating Company and was assigned to the Sea-Land Marine Terminal in Portsmouth, Virginia. Holland's job was to drive a hustler used to transport containers, which are mounted on trailers, from storage on land to the pier for loading aboard a vessel. As he made a 90-degree turn onto the pier from a small bridge, the hustler tipped over injuring him.

Holland received workmen's compensation from his employer, Nacirema, pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. He filed this action in a state court, alleging that Sea-Land was a third party tortfeasor subject to maritime law. Sea-Land removed the case to federal district court on the basis of diversity jurisdiction.

Holland maintained in the district court that the container was not properly secured to the trailer and that Sea-Land negligently failed to inspect the trailer before allowing it to be moved through the facility. Sea-Land contended that the accident occurred solely because Holland made the 90-degree turn at excessive speed.

The jury found, upon special interrogatories, that both Sea-Land and Holland were guilty of negligence which proximately caused the accident and that Holland was 75% negligent. Further, the jury found, without apportioning damages, that $700 would be a proper sum to compensate Holland for his injuries.

Sea-Land moved for judgment notwithstanding the verdict. It contended that the court could not exercise admiralty jurisdiction over the action and that Holland's recovery was barred by the Virginia doctrine of contributory negligence. The court ruled that it had admiralty jurisdiction because Holland was a longshoreman engaged in loading a vessel. Accordingly, it declined to follow Virginia law. Instead, applying maritime principles of comparative negligence, it reduced the $700 verdict by 75%, the percentage of Holland's negligence, and awarded him $175.

II

The principal issue on appeal is the scope of federal admiralty jurisdiction conferred on district courts by 28 U.S.C. § 1333.[1] Historically, the maritime tort jurisdiction of federal courts has been determined by the locality of the accident. As construed by the Supreme Court, maritime law gov-

---

1. At oral argument, counsel for Holland suggested that because the container was an appurtenance of a vessel, jurisdiction is conferred under the Admiralty Extension Act, 46 U.S.C. § 740. Holland, however, did not bring an action against the vessel, and he sued Sea-Land as the operator of the terminal "and not as the owner of any particular vessel." (Brief p.9) This basis of jurisdiction was not presented to the district court and is not addressed in the parties' briefs. Accordingly, we will not consider it on appeal.

erns only those torts occurring on navigable waters. It does not embrace accidents on land or on the extensions of land such as piers. Thus, in *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971), the Court held that maritime law does not govern an action brought by a longshoreman, who, like Holland, was injured while driving a vehicle on a pier in the course of loading a vessel.

Notwithstanding *Victory Carriers*, Holland insists that maritime law should apply because he was engaged in a traditional activity of seamen at the time of the accident. To support this proposition, he relies on the Court's subsequent decision in *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972).

■ *Executive Jet*, however, did not abolish the locality test. Instead, it added a second prerequisite for admiralty jurisdiction, saying: "It is far more consistent with the history and purpose of admiralty to require also that the wrong bear a significant relationship to traditional maritime activity." 409 U.S. at 268, 93 S.Ct. at 504. An action for tort is therefore only cognizable under traditional federal admiralty jurisdiction if (1) the wrong occurred on navigable waters and (2) bore a significant relationship to a maritime activity.

■ Under this two-prong test, admiralty jurisdiction is not applicable to Holland's claim. While it is undisputed that Holland was engaged in maritime activity at the time of the accident, his injury occurred on land and did not meet the locality test. *Accord: Parker v. South Louisiana Contractors, Inc.*, 537 F.2d 113, 115 n.3 (5th Cir. 1976).

## III

Holland next asserts that the 1972 Amendments to the Longshoremen's and Harbor Workers' Compensation Act[2] expanded admiralty jurisdiction to include injuries arising out of traditional maritime activities performed on land.

The 1972 amendment to § 2 of the Act makes compensation available for maritime related injuries which occur on land. The amendment expands the definition of "navigable waters" to include "any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, or building a vessel." 33 U.S.C. § 903(a). Congressional intent in enacting this amendment was to create a uniform compensation system for longshoremen, regardless of whether the injury occurred on land or over water.[3]

■ Undoubtedly, Holland was engaged in maritime employment within the coverage of the 1972 Amendments to the Compensation Act. *See P. C. Pfeiffer Co. v. Ford*, 444 U.S. 69, 100 S.Ct. 328, 62 L.Ed.2d 225 (1979); *Northeast Marine Terminal Co. v. Caputo*, 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977). It does not follow, however, that the Act also entitles him to sue Sea-Land, a third party tortfeasor, in a court of admiralty for an injury that occurred on land.

At the same time that Congress expanded the scope of workers' compensation for longshoremen, it substantially limited the right of longshoremen to recover from third parties in tort actions. Section 5(b), 33 U.S.C. § 905(b),[4] eliminates an injured long-

2. Act of Oct. 27, 1972, Pub.L. No. 92–576, 86 Stat. 1251 (codified by incorporation into 33 U.S.C. §§ 901–49).

3. H.Rep. No. 92–1441, 92 Cong.2d Sess., *reprinted in* 1972 U.S.Code Cong. & Admin.News 4698, 4707–08.

4. 33 U.S.C. § 905(b) provides in pertinent part:
   In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party .... If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel .... The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred.

shoreman's right to bring third party actions against vessels based on the warranty of seaworthiness. This section preserves his right under prior law to recover for third party negligence, but it does not expressly enlarge the traditional jurisdiction of admiralty over maritime torts.

Holland, nevertheless, contends that the 1972 Amendments to the Compensation Act by implication extended the scope of admiralty jurisdiction over longshoremen's tort actions against third parties. In *Parker v. South Louisiana Contractors, Inc.*, 537 F.2d 113, 116–17 (5th Cir. 1976), the court of appeals rejected this argument for reasons which we find persuasive:

> The fact that compensation coverage was expanded to ensure that the availability of compensation benefits would no longer depend upon the "fortuitous circumstance of whether the injury occurred on land or over water," however, does not imply that admiralty jurisdiction has been extended to embrace noncompensation claims brought by employees against parties other than their employers.
>
> . . . .
>
> Taken as a whole, the manifest purpose of section 905(b) is to curtail rather than expand the availability of third party actions in admiralty. With respect to third party actions for negligence, the reasonable inference is that the boundaries of maritime jurisdiction as defined under prior law (*e.g., Victory Carriers*) were neither expanded nor constricted by passage of the 1972 Amendments, but simply retained.

We agree that Congress did not intend that federal maritime law should apply to actions for tort brought by longshoremen injured on land. To afford Holland a maritime cause of action would intrude on an area that has been reserved for state law. In these circumstances, the Supreme Court has repeatedly warned that we must proceed with caution. *E.g., Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 272–73, 93 S.Ct. 493, 506, 34 L.Ed.2d 454 (1972); *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 211–12, 92 S.Ct. 418, 424–25, 30 L.Ed.2d 383 (1971). Due regard for our federal system requires that we scrupulously confine federal admiralty jurisdiction to the precise limits defined by Congress. *See Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934).

 We conclude that Holland has asserted no basis for the exercise of federal admiralty jurisdiction over his claim. The district court erred by applying the maritime doctrine of comparative negligence, rather than the Virginia law of contributory negligence. Because the jury found Holland to be contributorily negligent, he may not recover from Sea-Land for his injuries. We find nothing in Holland's assignments of error that warrants a new trial. The judgment is reversed, and the case is remanded for entry of judgment for Sea-Land.

*REVERSED AND REMANDED.*