662 F.2d 251
 Rosetta VAUGHAN, Executrix of the Estate of James William
Vaughan, Deceased, Appellant,
v.
JOHNS-MANVILLE CORPORATION, and Johns-Manville Sales
Corporation, successor by merger to Johns-Manville
Products Corporation, Appellees,
v.
UNITED STATES of America, Third-Party Defendant.
 No. 79-1580.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 11, 1980.
Decided Oct. 5, 1981.
 
 Joel Klein, Washington, D. C. (Richard S. Glasser, Ronald F. Schmidt, Glasser & Glasser, Norfolk, Va., Robert R. Hatten, Patten & Wornom, Newport News, Va., Gene Locks, Philadelphia, Pa., on brief), for appellant.
 C. Michael Montgomery, Norfolk, Va. (Steven C. Schwartz, Sewell, McCoy, Dalton, Hughes, Gore & Timms, Norfolk, Va., on brief), for appellees.
 Before WIDENER, HALL and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Rosetta Vaughan, as Executrix of the estate of James W. Vaughan, appeals the order of the district court granting summary judgment in favor of various asbestos manufacturers in her suit for wrongful death. The complaint alleged that her husband, a 30-year veteran of the United States Navy, had died from a form of cancer which was caused by his constant exposure to asbestos dust in the performance of his duties. The district court, in a separate order which consolidated numerous asbestos-related cases, ruled that admiralty jurisdiction was not present; that each plaintiff's cause of action accrued as of the date of last exposure to asbestos; and that under the applicable Virginia two-year statute of limitation for personal injury, all claims outside of that period were barred. Thereafter, the defendant manufacturers were granted summary judgment on the basis that the decedent's last exposure date was more than two years before suit was filed. Vaughan filed this appeal alleging the following assignment of errors: (1) that the district court erred in denying admiralty jurisdiction; (2) that the court improperly held that the cause of action accrued upon the date of last exposure; (3) that the court erred in ruling against her claim that fraudulent concealment or estoppel by the defendants had tolled the state statute of limitations; and (4) that the court applied the statute of limitations in an unconstitutional manner.
 
 
 2
 Having this day decided similar issues in a related asbestos exposure case, White et al. v. Johns-Manville Corp. et al., 662 F.2d 234 (4th Cir. 1981), we vacate the judgment of the district court and remand for a new trial.
 
 
 3
 On January 12, 1976, James W. Vaughan was diagnosed as having mesothelioma, an incurable, malignant cancer of the pleura, or lining of the lung, which is exclusively caused by exposure to asbestos. Vaughan had served as a boiler tender in the United States Navy during his 30-year career, and throughout most of his military career he had installed and removed asbestos insulation materials manufactured and distributed as maritime asbestos products.
 
 
 4
 On October 27, 1976, less than ten months after the initial diagnosis of his asbestos-induced cancer, he filed an action in the Circuit Court of the City of Norfolk, Virginia, for personal injuries against numerous manufacturers of asbestos products. His complaint alleged liability on alternate theories of negligence, breach of warranty, strict liability and fraud for failure to warn him of the health hazards associated with the ordinary use of these asbestos insulation materials.
 
 
 5
 In that action, Vaughan testified on January 27 and 28, 1977, by videotape in a de bene esse deposition that from 1943 to 1969, he served as a boiler tender aboard United States Navy ships, on the navigable waters of the high seas, during which time he worked with and was exposed to asbestos dust from various insulation materials. He further stated that neither the packaging nor the products contained any warnings of health hazards associated with their use; that he was never warned or otherwise made aware that there was any health hazard whatsoever associated with the ordinary use of asbestos products; that he never wore a respirator when working with or around asbestos products; and that from 1969 until his retirement in September, 1974, he continued to be exposed to asbestos materials in the performance of his naval duties while stationed at the Norfolk Naval Shipyard in Portsmouth, Virginia.
 
 
 6
 On February 11, 1977, Vaughan died of mesothelioma, and asbestos fibers were found in the tumor at autopsy. Subsequently, on July 5, 1977, Rosetta Vaughan, his widow, filed a complaint against the various manufacturers in federal court for the wrongful death of her husband. Federal jurisdiction was alleged on the basis of admiralty and diversity of citizenship. The manufacturers denied the applicability of admiralty jurisdiction and averred that the plaintiff's causes of action were barred by the Virginia two-year limitation period since Vaughan had not been exposed to asbestos products within two years of filing his original action in state court. Vaughan's widow countered these motions with a proffer of evidence concerning admiralty jurisdiction, a proffer of evidence concerning fraudulent concealment and estoppel as a bar to the assertion of the statute of limitations as a defense, and a brief contending that the cause of action did not accrue until there was an injury, i. e., the disease of mesothelioma.
 
 
 7
 By an order entered on March 30, 1978, in numerous consolidated asbestos cases, the district court ruled as a matter of law that admiralty jurisdiction did not apply to these product liability causes of action against the asbestos manufacturers and that claims outside the two-year state limitation period were barred. Subsequently, the manufacturers' motion for summary judgment against Vaughan was granted by the court on August 6, 1979, and she appealed.
 
 
 8
 For the reasons stated in our opinion in White et al. v. Johns-Manville Corp. et al., we hold that admiralty jurisdiction is present under the criteria set forth in Executive Jet Aviation, Inc. v. City of Cleveland, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972), and that the limitation period is governed by the doctrine of laches rather than a strict application of Virginia law.[1] Accordingly, the judgment of the district court is vacated and the case remanded for further proceedings consistent with this opinion and White et al v. Johns-Manville Corp., et al.
 
 
 9
 VACATED AND REMANDED.
 
 
 10
 WIDENER, Circuit Judge, concurring and dissenting:
 
 
 11
 I concur in part in this opinion for the reasons stated in my concurring opinion in White v. Johns-Manville, 662 F.2d 234.
 
 
 12
 In this case, however, because at least the last five years of employment of the plaintiff's decedent occurred on land, I think a more discriminating inquiry into the jurisdiction of the district court is in order, and I would remand the case for that purpose in addition to those stated in the majority opinion. See Holland v. Sea-Land Service, Inc., 655 F.2d 556 (4th Cir. 1981).
 
 
 
 [1]
 Because we dispose of this appeal on the basis of appellant's first two issues, we need not address the remaining assignments of error in light of our disposition of the case