**Michael P. PETROU, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. No. J–81–258.**

United States District Court,
D. Maryland.

Dec. 21, 1981.

---

Roger L. Smith, Baltimore, Md., Dennis C. Harrington, Pittsburgh, Pa., for plaintiff.

Richard E. Dunne, III, Asst. U. S. Atty., Baltimore, Md., for defendant.

## MEMORANDUM OPINION

SHIRLEY B. JONES, District Judge.

Michael P. Petrou was employed by MGM Painting Company, which had a contract with the Coast Guard to paint several lighthouses in the Chesapeake Bay. He was painting the Hooper Island light on July 26, 1979. He had completed his work for the day and was climbing down a painting ladder attached to an iron railing on the main platform of the lighthouse into a waiting boat. The railing gave way, and Petrou fell into the boat, breaking both heel bones.

Plaintiff brought this action against the United States under the Federal Tort Claims Act (FTCA). The complaint alleges that the Coast Guard negligently failed to maintain the iron railing in good repair and to warn plaintiff of its defective condition. The question has now arisen whether maritime law applies to this claim.

Under the FTCA, state law, including its conflict of law rules, applies. 28 U.S.C. § 1346(b). If the tort falls within admiralty jurisdiction, the state court must generally apply maritime law. *Hess v. United States*, 361 U.S. 314, 318, 80 S.Ct. 341, 345, 4 L.Ed.2d 305 (1960). In this case the question is whether a maritime tort is involved; the parties agree that no other basis for admiralty jurisdiction exists.

The test for admiralty jurisdiction over maritime torts is stated in *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972). Both a maritime locality and a "significant relationship [of the tort] to maritime activity" are required. *Id.* at 268, 93 S.Ct. at 504. *Holland v. Sea-Land Serv., Inc.*, 655 F.2d 556, 557–58 (4th Cir. 1981).

The locality test is clearly met. Plaintiff's injuries occurred when he hit the boat, on navigable waters, into which he fell. In addition, a lighthouse surrounded by water has been regarded as a maritime location. *See Rodrigue v. Aetna Cas. Co.*, 395 U.S. 352, 360, 89 S.Ct. 1835, 1839, 23 L.Ed.2d 360 (1969); *Gowdy v. United States*, 412 F.2d 525, 527–28 (6th Cir.), *cert. denied*, 396 U.S. 960, 90 S.Ct. 437, 24 L.Ed.2d 425 (1969). *But cf. Nelson v. United States*, 639 F.2d 469, 473 n. 4 (9th Cir. 1980) (significance of fact that plaintiff's injury occurred on waive suppressor need not be considered for admiralty jurisdiction because plaintiff was seaman).

The requirement that the tort bear a significant relationship to traditional maritime activity has not been met. The wrong complained of is the Coast Guard's failure to keep the guardrail in proper repair or to warn plaintiff of its defective condition. Although the rail was a part of the lighthouse structure and the lighthouse itself serves a maritime purpose, the wrong did not involve the maritime function of the light. *See Gowdy v. United States*, 412 F.2d at 528.

This is admittedly a fairly close case, and there is little law on the point. *Gowdy v. United States*, a Sixth Circuit case that

predates *Executive Jet*, is the only case on point this Court has found, or the parties have cited.[1] In *Gowdy* the Court held that admiralty law did not apply in a FTCA case brought by an electrician injured in a fall from the machinery shed of a lighthouse on Lake Michigan.[2] The facts are similar to those here, and the Sixth Circuit used a locality-function test later adopted by the Supreme Court in *Executive Jet*. I find the reasoning of the Court persuasive, particularly in the absence of contrary authority. Accordingly, I will not apply admiralty law in this case.

**1.** *Nelson v. United States*, 638 F.2d 469 (9th Cir. 1980), a case in which suit was brought against the United States under the Suits in Admiralty Act, involved a workman drowned after a fall from a wave suppressor in San Francisco Bay. The Court held that there was admiralty jurisdiction over the case because the tort occurred in navigable waters, in the course of an activity closely connected with traditional maritime activity, and in the course of plaintiff's employment as a seaman. *Id.* at 472–73. Even had Nelson not been considered a seaman, he was actually engaged in the repair of the wave suppressor when he was injured.

**2.** The lighthouse was located on an extension of land, but the *Gowdy* court assumed that the lighthouse was a maritime location. 412 F.2d at 528.