**Elissa Mueller MILLER, as Personal Representative of the Estate of Chester H. Miller, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**Ann Biggs LEWIS, as Personal Representative of the Estate of James W. Lewis, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**Nos. 82–5992, 82–6034.**

United States Court of Appeals, Eleventh Circuit.

Feb. 27, 1984.

**1312**

Larry Klein, W. Palm Bch, Fla., for plaintiffs-appellants.

Kathlynn G. Fadely, Trial Atty., Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before HENDERSON and HATCHETT, Circuit Judges, and JONES, Senior Circuit Judge.

HATCHETT, Circuit Judge:

These appeals are from orders of the district court concerning an airplane crash in which the court dismissed appellants' complaints as being barred by the statute of limitations of the Suits in Admiralty Act, 46 U.S.C.A. § 745. Upon examination of Supreme Court precedent and the law of other circuits, we affirm the judgments of the district court.

## FACTS

On or about May 28, 1976, Chester H. Miller and James W. Lewis flew from Freeport, Bahamas, bound for Palm Beach, Florida, International Airport in a private plane. The plane crashed in international waters forty miles southeast of West Palm Beach. Both men were killed.

Relatives of the two deceased men filed suit against the owners of the airplane under maritime jurisdiction pursuant to the Death on the High Seas Act (DOHSA), 46 U.S.C.A. § 761. Section 761 creates a cause of action for wrongful death under the Suits in Admiralty Act (SAA), 46 U.S.C.A. § 741 et seq. In November, 1980, Alicia Mueller Miller, as personal representative of the estate of Chester Miller, filed a complaint against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C.A. §§ 1346(b) and 2671 et seq. In May, 1981, Ann Biggs Lewis, as personal representative of the estate of James Lewis, also filed a complaint against the United States under the FTCA. The United States moved to dismiss the complaints on the ground that the claims were based in admiralty rather than the FTCA. The United States also asserted that Miller and Lewis had failed to file their complaints within the two-year statute of limitations for suits brought pursuant to the SAA.

On August 25, 1982, the district court issued its order granting the government's motion against Miller and stating that the case was cognizable as an admiralty suit under the DOHSA. Five days later, in an identically worded opinion, the district court also granted the government's motion against Lewis. The district court denied motions for rehearing and/or reconsideration in both cases. This appeal ensues. We consolidated these cases for oral argument and decision.

In these cases of first impression in this circuit, the sole issue for resolution is whether land based negligence resulting in an airplane crash into international waters is within admiralty jurisdiction.

## DISCUSSION

Lewis and Miller contend that, where death has resulted due to the negligence of a land based air traffic controller, admiralty jurisdiction cannot apply because the negligence occurred on land and the activity does not bear a significant relationship to traditional maritime activity.

The government contends that an airplane crash into international waters, which

results from air traffic controller negligence, gives rise to an admiralty suit cognizable under the DOHSA, because it involves a traditional maritime activity, the transport of passengers across international waters.

Title 46 U.S.C.A. § 761, (DOHSA), provides:

Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas *beyond a marine league* from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued. [Emphasis added.]

The DOHSA provides that death actions against the United States are within the jurisdictional limits of the Suits in Admiralty Act. Yet, an action brought under the DOHSA, a part of the SAA, cannot be maintained under FTCA because jurisdiction under the FTCA and SAA are mutually exclusive. *See* 28 U.S.C.A. § 2680(d).

Any determination of whether a tort is or is not within maritime jurisdiction begins with the Supreme Court's test for admiralty torts, enunciated in *Executive Jet Aviation v. City of Cleveland,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972). In *Executive Jet,* an aircraft taking off from a Cleveland airport struck a flock of seagulls. The plane lost power and crashed a short distance from the runway into the waters of Lake Erie. The plaintiff brought suit against the city of Cleveland, as operator of the airport, charging negligence. The suit was brought pursuant to admiralty jurisdiction. The district court dismissed for lack of jurisdiction stating that there was no admiralty jurisdiction. The Sixth Circuit affirmed, stating that the alleged tort occurred on land, and not on water.

The Supreme Court in deciding the question provided a test to determine whether a negligence suit resulting from an air crash into the seas is within admiralty jurisdiction:

Determination of the question whether a tort is "maritime" and thus within the admiralty jurisdiction of the federal courts has traditionally depended upon the locality of the wrong. If the wrong occurred on navigable waters, the action is within admiralty jurisdiction; if the wrong occurred on land, it is not.

*Executive Jet,* 409 U.S. at 253, 93 S.Ct. at 497. After stating the locality test, the Supreme Court noted that locality in itself could not be dispositive in situations involving aircraft:

One area in which locality as the exclusive test of admiralty tort jurisdiction has given rise to serious problems in application is that of aviation. For the reasons discussed above and those to be discussed, we have concluded that maritime locality alone is not a sufficient predicate for admiralty jurisdiction in aviation tort cases.

*Executive Jet,* 409 U.S. at 261, 93 S.Ct. at 501. The Supreme Court noted that airplanes are not restricted by the same physical boundaries as water vessels. For this reason, the fact that the tort occurred on or over navigable waters is not dispositive in itself; it does not automatically turn negligence into a maritime tort. More important to an examination of when admiralty jurisdiction attaches is the requirement that "the wrong bear a significant relationship to traditional maritime activity." *Executive Jet,* 409 U.S. at 268, 93 S.Ct. at 504. The Supreme Court held that there was no admiralty jurisdiction in *Executive Jet* because there was no significant relationship between the accident and the traditional maritime activity involving navigation and commerce on navigable waters. *Executive Jet,* 409 U.S. at 272, 93 S.Ct. at 506.

The Supreme Court added a caveat to its holding on the specific facts of *Executive Jet,* stating in the now famous footnote 20: "Of course, under the Death on the High Seas Act, a wrongful-death action arising

out of an airplane crash on the high seas *beyond a marine league* from the shore of a State may clearly be brought in a federal admiralty court." *Executive Jet,* 409 U.S. at 271, n. 20, 93 S.Ct. at 506, n. 20 (emphasis added).

The specific significance of footnote 20, and the issue of when an alleged aviation tort bears a significant relationship to traditional maritime activity, has not yet been addressed by the Eleventh Circuit. This question has been addressed by other circuits. In *Kelly v. Smith,* 485 F.2d 520, 524 (5th Cir.1973), *cert. denied sub nom., Chicot Land Company v. Kelly,* 416 U.S. 969, 94 S.Ct. 1991, 40 L.Ed.2d 558 (1974), the Fifth Circuit stated that maritime locality is no longer sufficient to sustain maritime jurisdiction. Rather, the wrong must bear a significant relationship to maritime activity. The *Kelly* court then construed *Executive Jet* as suggesting that an aircraft performing a function traditionally performed by waterborne vehicles might bear a significant relationship. *Kelly,* F.2d at 525. The Fifth Circuit has construed the *Executive Jet* language similarly in other cases, upholding admiralty jurisdiction where an airplane or helicopter crashed into water on a flight between points not within the continental United States. *See Ledoux v. Petroleum Helicopters, Inc.,* 609 F.2d 824 (5th Cir.1980); *Higgenbotham v. Mobile Oil Corp.,* 357 F.Supp. 1164 (W.D.La.1973), *aff'd in part,* 545 F.2d 422 (5th Cir.1977), *rev'd on other grounds,* 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978). In these cases, the aircraft were performing functions traditionally performed by waterborne vehicles.

The Fifth Circuit, however, in *United States v. Gavagan,* 280 F.2d 319 (5th Cir. 1960), upheld a suit brought under FTCA jurisdiction for a death occurring on the high seas. The facts centered on the sinking of a ship. The plaintiffs brought suit, claiming negligence on the part of the land based government employees in charge of the rescue effort. *Gavagan* is distinguishable from this case. Although the Fifth Circuit in *Gavagan* held that the government could be liable for land based negligence which caused injury at sea pursuant

to the FTCA, rather than pursuant to the SAA, *Gavagan* arose and was decided prior to the 1960 amendment to the SAA which changed the nature of SAA jurisdiction.

Prior to the 1960 amendment, the original SAA extended only to claims which involved government vessels or cargo. The Fifth Circuit, in *McCormick v. United States,* 680 F.2d 345, 349 (5th Cir.1982), recognized the significant change in jurisdiction brought about by the 1960 amendment:

In 1960, however, Congress amended section 2 of the SAA, which now provides that the SAA applies not only in cases where government vessels and cargo are involved, but also "[i]n cases where . . . if a private person or property were involved, a proceeding in admiralty could be maintained . . . ." 46 U.S.C. § 742. Every circuit to address the effect of this amendment, including our own, has held that the language "if a private person or property were involved" extended the coverage of the SAA to include all maritime tort claims against the United States where the plaintiff would have an action in admiralty were the defendant a private person rather than the government. [Footnote omitted.]

The Fifth Circuit went on to state that prior to the 1960 amendment, wrongful death actions occurring at sea were unquestionably actionable under the FTCA, as the SAA did not provide a remedy. *McCormick,* 680 F.2d at 349, n. 5.

We note further that the *Gavagan* court did not have to wrestle with the Supreme Court's *Executive Jet* language on whether admiralty jurisdiction attaches to an airplane crash occurring more than one marine league from shore because *Gavagan* involved the traditional sinking of a ship at sea.

The Ninth Circuit, in a case similar to the one before us, also found admiralty jurisdiction to be appropriate. In *Roberts v. United States,* 498 F.2d 520 (9th Cir.), *cert. denied,* 419 U.S. 1070, 95 S.Ct. 656, 42 L.Ed.2d 665 (1974), a cargo plane crashed

into navigable waters more than 1,500 feet short of an Okinawa runway. The plaintiffs in *Roberts* charged negligence on the part of the air traffic controllers and brought suit pursuant to the FTCA. The Ninth Circuit stated that the actions could not be maintained under the FTCA, finding that the SAA applied, encompassing aviation wrongful death actions against the United States. *See Roberts,* 598 F.2d at 526.

In *Roberts,* the Ninth Circuit noted that aviation posed a distinct problem in determining admiralty jurisdiction. *See Roberts,* 498 F.2d at 523, n. 3. Yet, the *Roberts* court resolved the problem in part by looking to the transoceanic nature of the attempted air voyage, an activity "readily analogized with traditional maritime activity." *Roberts,* 498 F.2d at 524. In this and other cases where airplanes have crashed into navigable waters on voyages where a ship or boat would have otherwise been used for the same purposes, more than one marine league from the shores of the continental United States, the Ninth Circuit has found admiralty jurisdiction. *See T.J. Falgout Boats, Inc. v. United States,* 508 F.2d 855 (9th Cir.1974), *cert. denied,* 421 U.S. 1000, 95 S.Ct. 2398, 44 L.Ed.2d 667 (1975); *Stoddard v. Ling-Temco-Vought, Inc.,* 513 F.Supp. 314 (C.D.Cal.1980).*

■ We agree with the rationales of the Ninth and Fifth Circuits. In this instance the airplane crashed into waters more than one marine league from the shores of the continental United States, in accordance with the Supreme Court's language in footnote 20 of *Executive Jet.* Moreover, there is a significant relationship to traditional maritime activity, because the trip between the Bahamas and the United States has traditionally been accomplished by ship, and would, of necessity, have to be accomplished by ship but for the introduction of the airplane into this forum. Jurisdiction is properly found pursuant to the SAA.

Having determined that the correct jurisdiction is within the SAA, rather than the FTCA, we now turn to whether the district court correctly dismissed the suits.

■ Title 46 U.S.C.A. § 745 of the SAA states that suits "may be brought only within two years after the cause of action arises . . . ." Both Miller and Lewis were killed on or about May 29, 1976. Lewis's estate filed a complaint on May 6, 1981. Miller's estate filed a complaint on November 13, 1980. In each case the complaints were filed more than two years after the running of the statute of limitations. The district court correctly dismissed the actions. *See Kindrew v. United States,* 352 F.Supp. 277 (M.D.Fla.1972), *aff'd,* 479 F.2d 49 (5th Cir.1973).

## CONCLUSION

Accordingly, we affirm the decisions of the district court dismissing the actions of appellants Miller and Lewis as being time barred under the applicable SAA statute of limitations.

AFFIRMED.

---

* But see American Home Assurance Company v. United States, 389 F.Supp. 657 (M.D.Pa.1975). In this Third Circuit case, factually similar to the instant case, the district court concluded that "no traditional maritime activity has been demonstrated here, [and] this Court holds that the instant suit is not cognizable under the Suits in Admiralty Act. . . ." *American Home Assurance,* 389 F.Supp. at 658. This case demonstrates the only known court, as of this writing, to reject the SAA as the proper jurisdictional forum for a suit involving a plane crash into navigable water resulting from on-shore negligence. We note that the holding is distinguishable, however, in that the crash resulted enroute from a spot in the continental United States to another spot, an island, also in the continental United States. The district court in the instant case, cognizant of the holding in *American Home Assurance Company,* distinguished its determination from that case by noting that the transportation effected in *American Home* was between points in the United States, as opposed to points from within to without the United States as is here the case.