George W. HAMMOND, Plaintiff,

v.

UNITED STATES of America and United States Army Corp of Engineers, Defendants.

Civ. A. No. 84–1495.

United States District Court, W.D. Pennsylvania, Civil Division.

July 25, 1985.

James A. Villinova, Houston Harbaugh, Pittsburgh, Pa., for plaintiff.

Barbara Carlin, Asst. U.S. Atty., Pittsburgh, Pa., for defendants.

## OPINION

SIMMONS, District Judge.

This case is before the Court on motion by Defendant United States of America for dismissal of Plaintiff's action, (1) under the Federal Tort Claims Act, 28 U.S.C. § 2401(b), on the grounds that the Plaintiff's cause of action is time barred, and under (2) the Suits of Admiralty Act, 46 U.S.C. § 741 et seq., on the grounds that Plaintiff's cause of action does not lie within the admiralty jurisdiction of this Court. The alleged cause of action arose from injuries sustained by the Plaintiff while he was painting the tainter gates at Dam No. 4, on the Monongahela River on or about June 21, 1982. The Plaintiff was employed by Master Painting and Sheeting Company, Inc., and was doing said work for the United States Corps of Engineers.

The parties agree that Plaintiff filed an administrative claim pursuant to the Tort Claims Procedure set forth in the United States Code, and that this claim was denied by letter on July 20, 1983. The Defendant argues that because the present action was not commenced until June 19, 1984, it is time barred pursuant to 28 U.S.C. § 2401(b), which provides:

> A tort claim against the United States shall shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.*

*Id.* (emphasis added)

■ This statute of limitations set forth in 28 U.S.C. § 2401(b), is strictly construed by the courts to run from the date of the mailing of the denial letter. *Tuttle v. United States Postal Service,* 585 F.Supp. 55 (M.D.Pa.1983). Because the action in this case was filed more than six months after the date of mailing the "denial letter", the Defendant's Motion to Dismiss will be granted.

Additionally, the Defendant contends that Dam No. 4, is an extension of land and therefore argues that there are insufficient maritime contacts alleged in this cause of action to bring this case within this Court's admiralty jurisdiction.

It is an admitted fact that at the time of Plaintiff's injury he was standing on tainter gate No. 5, at Dam No. 4. Dam No. 4 is a concrete structure with six concrete piers. Each pier is grounded in bedrock. In between each set of piers is a steel tainter gate which is secured to the piers on either side by trunnions fitting into slots in the piers. There are five such gates.

■ Based on these indisputed facts, this Court concludes that Dam No. 4, is not a vessel or navigational aid for maritime jurisdiction purposes, but is in fact an extension of land. It is settled law that structures such as piers, docks and wharves, permanently affixed to land, such as the Lock No. 4 piers, are extensions of the land and are not navigational "vessels or aids". *Victory Carriers v. Law,* 404 U.S. 202, 206–07, 92 S.Ct. 418, 422–23, 30 L.Ed.2d 383, 388 (1971); *Nacirema Operating Co. v. Johnson,* 396 U.S. 212, 214–15,

90 S.Ct. 347, 349–50, 24 L.Ed.2d 371, 375 (1969). Thus, the Admiralty Act (46 U.S.C. § 741), that covers injuries "upon navigable waters" would not cover injuries on a pier such as is the case at bar even though the pier, like a bridge, extends on, over and/or under navigable waters. See *Rodrigue v. Aetna Casualty Co.,* 395 U.S. 352, 360, 366, 89 S.Ct. 1835, 1839, 1842, 23 L.Ed.2d 360, 367, 370 (1969). The determination of admiralty jurisdiction in the present action is controlled by the Supreme Court's decision in *Executive Jet Aviation v. City of Cleveland,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972).

In *Executive Jet* the Court held that the mere fact that an alleged wrong takes place or has its effect on or over navigable waters is not by itself sufficient to turn an aviation tort case into a "maritime tort". Rather, for such a case to be cognizable in admiralty, the alleged wrong must bear a significant relationship to "traditional maritime activity". 409 U.S. at 268, 93 S.Ct. at 504, 34 L.Ed.2d 454, 93 S.Ct. 493. The *Executive Jet* maritime connexity requirement is not limited to the aviation context. *Foremost Insurance Company v. Richardson,* 457 U.S. 668, 674, 102 S.Ct. 2654, 2658, 73 L.Ed.2d 300, 305 (1982); *American Home Assurance Co. v. United States,* 389 F.Supp. 657 (M.D.Pa.1975).

Although Plaintiff argues that the painting of Dam No. 4 was in furtherance of traditional maritime interests since it was a service which assisted navigation on the Monongahela River, this Court disagrees and holds that the instant suit is not cognizable under the Suits in Admiralty Act.

In *Jiles v. Federal Barge Lines, Inc.,* 365 F.Supp. 1225 (E.D.La.1973), plaintiff alleged that he was injured while painting a non-navigable structure, i.e., a stripped and moored steamboat. Plaintiff contended that he was engaged in the operation of a barge fleet, a traditional maritime activity. The District Court in the *Jiles* case disagreed and found that "plaintiff was merely performing the work of a painter and that this work performed on the "BUNA" achieved nothing in direct furtherance of the operation of a barge fleet." 365 F.Supp. at 1228.

Similarly, in *Petrou v. United States,* 529 F.Supp. 295 (D.Md.1981), plaintiff brought an action for injuries sustained while painting a lighthouse. Plaintiff alleged that a defective iron railing gave way causing him to fall into a boat below. Because in the *Petrou* case, the alleged wrong bore no relationship to the maritime function of the light, the District Court concluded that the action did not involve a traditional maritime activity.

This Court therefore concludes that there are insufficient maritime contacts between the alleged wrong and traditional maritime activity to invoke admiralty jurisdiction over this alleged tort, because plaintiff was merely performing the work of a painter which was an activity with which many other individuals are concerned and which is not exclusively related to activities which occur only over navigable water. *American Home Assurance v. United States,* 389 F.Supp. at 658. Moreover, the admitted facts indicate that as a matter of law, the Lock 4 Dam in this case at bar was not a vessel within the scope of general maritime law.

Accordingly, the Defendant's Motion to Dismiss for lack of jurisdiction of this Court under 46 U.S.C. § 741, et seq. will be granted.

An appropriate Order will be granted.