**John DYER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 93–CV–1748.**

United States District Court,
E.D. Pennsylvania.

Aug. 3, 1993.

Robert A. Kosseff, Traubman, Chaiken & Kosseff, Philadelphia, PA, for plaintiff.

William T. Storz, U.S. Dept. of Justice, Torts Branch, Civ. Div., Washington, DC, David R. Hoffman, U.S. Attorney's Office, Philadelphia, PA, for defendant.

**MEMORANDUM AND ORDER**

JOYNER, District Judge.

The Defendant has brought this action before the Court by motion to dismiss the Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

I. HISTORY OF THE CASE

The Plaintiff's claim against the United States involves the permanent hearing loss he allegedly suffered while making repairs on board the USS Clark from September 15, 1987 through December 22, 1987. At the time the Plaintiff's injuries were allegedly suffered, the plaintiff was working as a pipefitter for the Pennsylvania Shipbuilding Company which was hired as a contractor to make repairs to the vessel. Plaintiff alleges he was exposed to "intense, deleterious vibrations and excessively loud sounds of jackhammers and/or 'chipping hammers'" and the Defendant failed to provide him with the

adequate safety gear resulting in hearing loss.

Plaintiff's counsel mailed a Standard Form 95 claim form to the U.S. Navy on December 12, 1989. Plaintiff's administrative claim was subsequently denied by the Admiralty Division on August 14, 1991. The Admiralty Division ruled that the claim was barred as the applicable statutory limitation period under the Public Vessels Act had expired on December 22, 1989 and therefore any claim which may have been available was extinguished. This action was filed on April 1, 1993 under the Federal Tort Claims Act.

The Defendant argues that the Federal Tort Claims Act is not applicable to this action because of its maritime nexus.[1] The Defendant contends that because the Public Vessels Act, 46 U.S.C.App. §§ 781–790, is the exclusive jurisdictional basis for a maritime tort action against the United States and has a two year statute of limitations, the Plaintiff's claims must be dismissed for lack of subject matter jurisdiction. In addition, the Defendant argues that the Plaintiff has not met the statute of limitations requirements under the Federal Tort Claims Act even if it was applicable.

The Plaintiff asserts that this is not a maritime tort action and therefore the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., controls. Accordingly, the Plaintiff contends that he has met the six year statute of limitations period under 28 U.S.C. § 2401(a) for the filing of an action and the two year limitations period provided in 28 U.S.C. § 2401(b) for the filing of an administrative claim. For the reasons that follow, the Defendant's motion to dismiss will be granted.

## II. DISCUSSION

It is not necessary for this Court to determine whether the alleged activity has a maritime nexus and falls within admiralty jurisdiction in order to dispose of this motion to dismiss. Whether this injury is a maritime tort and falls under the Public Vessels Act or it is not and falls under the Federal Tort Claims Act, this action must be dismissed as barred by the applicable statute of limitations.

■ First, under the Public Vessels Act, 46 U.S.C.App. §§ 781–790, there is a two year statute of limitations which is not tolled by the filing of an administrative claim under the Federal Tort Claims Act.[2] Bovell v. United States Dep't of Defense, 735 F.2d 755, 756–57 (3d Cir.1984). The lawsuit in this matter was filed on April 1, 1993. At the latest, the Plaintiff's injuries occurred on December 22, 1987 and were discovered, according to Plaintiff, no later than March—April 1988. Because the Plaintiff failed to file suit within the requisite two year period, his claim, if under the Public Vessels Act, should be dismissed.

■ Second, even if this were an FTCA action, the invocation of the six year statute of limitations under 28 U.S.C. § 2401(a) is improper in the instant tort case. Instead, the provisions of § 2401(b) are specifically applicable to tort actions. That section provides:

(b) [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.*

28 U.S.C. § 2401(b). Accordingly, section 2401(b) is strictly construed to require an action to be brought within six months of the mailing of the final denial of the administrative claim. *Hammond v. United States*, 613 F.Supp. 358, 358–59 (W.D.Pa.1985); *Saggese*

---

1. The Federal Tort Claims Act, 28 U.S.C. § 2680(c), specifically states "[t]he provisions of this chapter and section 1346(b) of this title shall not apply to—.... (d) [a]ny claim for which a remedy is provided by sections 741–752 [Suits in Admiralty Act], 781–790 [Public Vessels Act] of Title 46, relating to claims or suits in admiralty against the United States."

2. Section 782 of the Public Vessels Act incorporates the two year statute of limitations period provided in section 745 of the Suits in Admiralty Act, 46 U.S.C.App. §§ 741–752.

*v. Gonnelli,* 563 F.Supp. 102, 103 (D.N.J. 1983). *See also Willis v. United States,* 719 F.2d 608 (2d Cir.1983). The Plaintiff's claim was denied by the Admiralty Division on August 14, 1991 and Plaintiff acknowledged notification of this denial in their letter dated August 29, 1991 asking for reconsideration. Plaintiff's claim was denied reconsideration in a letter dated October 28, 1991. As this action was filed on April 1, 1993 it clearly did not meet the requisite six month limitations period and must therefore be dismissed.

An appropriate order follows.

### ORDER

AND NOW, this 3rd day of August, 1993 upon consideration of Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) it is hereby ORDERED that Defendant's motion is GRANTED.