Ernest R. PRESTON, Jr., Jean B. Preston, as Administrators of the Estate of Edward B. Preston, Plaintiffs–Appellants,

v.

L. Scott FRANTZ, Administrator of the Estate of Christopher H. Frantz, d/b/a Airlink Helicopter Services, Hawk Helicopter, Inc., Bell Helicopter, Rexnord Inc., Defendants–Appellees.

No. 678, Docket 93–7591.

United States Court of Appeals, Second Circuit.

Argued Nov. 19, 1993.

Decided Dec. 6, 1993.

Robert A. Brooks, Hartford, CT (David J. Elliott, Philip S. Wellman, Day, Berry & Howard, of counsel), for plaintiffs-appellants.

Luther T. Munford, Jackson, MS (Angela M. McLain, Phelps Dunbar, Jackson, MS, Edward B. FitzGerald, Michael P. Kamp, McNerney, FitzGerald & Tiernan, P.C., New Haven, CT, Harry S. Redmon, Jr., William J. Riviere, Phelps Dunbar, New Orleans, LA, of counsel), for defendants-appellees.

Before: MAHONEY, McLAUGHLIN, and HEANEY,* Circuit Judges.

PER CURIAM:

Plaintiffs-appellants Ernest R. Preston, Jr. and Jean B. Preston (collectively "the Prestons"), administrators of the estate of Edward B. Preston, appeal from a judgment entered May 13, 1993 in the United States District Court for the District of Connecticut, Warren W. Eginton, *Judge,* that granted defendants-appellees' motion for partial summary judgment. The partial judgment dismissed the Prestons' Connecticut state law claims for survival damages in their lawsuit stemming from the death of their son, Edward B. Preston, on May 23, 1986 in a helicopter crash on the high seas while en route from Connecticut to Nantucket Island. In dismissing the claims, the district court adopted a March 16, 1992 proposed ruling of Magistrate Judge Arthur H. Latimer, which

* The Honorable Gerald W. Heaney, United States Circuit Judge for the Eighth Circuit, sitting by

designation.

concluded that because Connecticut law, unlike federal maritime law, allows the recovery of lost future earnings in survival actions, Connecticut law was in this respect inconsistent with, and thus preempted by, the survival action under general maritime law. *See Preston v. Frantz*, Civ. No. B–88–285 (WWE), 1992 WL 553984, at * 2–5 (D.Conn. Mar. 16, 1992) (magistrate's proposed ruling). The district court then certified the dismissal of the Prestons' state law claims for immediate appeal pursuant to Fed.R.Civ.P. 54(b).

While the appeal in this case was pending, but before argument, this court held in *Wahlstrom v. Kawasaki Heavy Industries*, 4 F.3d 1084, 1093–94 (2d Cir.1993), that the survival action available under federal maritime law does not permit recovery of a decedent's future lost wages. In deciding the Wahlstroms' related wrongful death claims, we held that "federal maritime law, rather than Connecticut law, must be applied in the present case." *Id.* at 1089. Although we did not explicitly rule that federal maritime law preempts the application of state survival statutes, by denying the Wahlstroms recovery of future lost wages, this court implicitly held that federal maritime law, rather than Connecticut state law, governed recovery in a maritime survival action. *See id.* at 1093–94.

■ On appeal, the Prestons contend that *Wahlstrom* was wrongly decided because the holding of *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), upon which our ruling was based, applies only to Jones Act seamen. We disagree. The language of the conclusion in *Miles* is not limited to Jones Act seamen. *See id.* at 37, 111 S.Ct. at 328. Further, even if *Miles* were applicable only to Jones Act seamen, it would not render our decision in *Wahlstrom* infirm. "[I]n view of the special regard accorded by admiralty to seamen," *Wahlstrom*, 4 F.3d at 1092, it would be anomalous to allow a nonseaman's estate to recover for future lost wages when a seaman's estate, under *Miles*, would not be entitled to such recovery. A number of federal decisions accord with this reasoning and result. *See id.* at 1093–94 (collecting cases).

■ The Prestons also argue that state law survival claims traditionally are permitted in federal admiralty actions, citing a number of older Supreme Court cases. *See, e.g., Just v. Chambers*, 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903 (1941); *Old Dominion S.S. Co. v. Gilmore*, 207 U.S. 398, 28 S.Ct. 133, 52 L.Ed. 264 (1907); *Sherlock v. Alling*, 93 U.S. (3 Otto) 99 (1876); *American Steamboat Co. v. Chase*, 83 U.S. (16 Wall.) 522, 21 L.Ed. 369 (1872). These cases were decided, however, in an era in which "[u]nder traditional maritime law, as under common law, there [was] no right of survival." *Miles*, 498 U.S. at 33, 111 S.Ct. at 326. In the years since these cases were decided, many federal courts have recognized a general federal maritime survival action. *See, e.g., Miles v. Melrose*, 882 F.2d 976, 986 & n. 30 (5th Cir.1989) (collecting cases), *aff'd sub nom. Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). Just as the expansion of general maritime law remedies for wrongful death under *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), and its progeny has circumscribed the application of state wrongful death statutes in admiralty, *see Wahlstrom*, 4 F.3d at 1089 (collecting cases), so the development of a general maritime law survival action necessarily precludes the application of state survival statutes. "Without such preclusive effect, 'the tensions and discrepancies' resulting from application of state remedial statutes could not be removed." *Id.* (quoting *Moragne*, 398 U.S. at 401, 90 S.Ct. at 1788).

■ The Prestons further contend, citing *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972), that the helicopter accident in which Edward Preston died had insufficient maritime nexus to justify application of maritime law. This argument is without merit. When, as in this case, plaintiffs bring a suit based upon diversity jurisdiction, we nevertheless apply substantive federal maritime law if we have admiralty jurisdiction. *See Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 410–11, 74 S.Ct. 202, 205–06, 98 L.Ed. 143 (1953); *Carey v. Bahama Cruise Lines*, 864 F.2d 201, 206–08 (1st Cir.1988); *Capozziello v. Brasileiro*, 443 F.2d 1155, 1157 (2d Cir.1971) ("That the district court's diver-

sity, rather than its admiralty, jurisdiction had been invoked does not change the applicable [maritime] law."); *Shield v. Bayliner Marine Corp.*, 822 F.Supp. 81, 83 (D.Conn. 1993) ("The fact that plaintiff relies partly on diversity jurisdiction does not affect the rule that maritime law applies."); *In re Air Disaster Near Honolulu, Hawaii*, 792 F.Supp. 1541, 1544 (N.D.Cal.1990) ("General maritime law preempts state law, and must be applied even where, as here, plaintiffs choose not to invoke admiralty jurisdiction and rely instead on diversity jurisdiction....."). Because damage recovery rules are substantive, we examine whether the helicopter crash had a sufficient maritime nexus to bring it within our admiralty jurisdiction.

The helicopter in which Edward Preston expired "was engaged in a function traditionally performed by water-borne vessels: the ferrying of passengers" from the mainland over the high seas to an island. *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 219, 106 S.Ct. 2485, 2492, 91 L.Ed.2d 174 (1986) (ferrying passengers from offshore oil platform to shore justified invocation of admiralty jurisdiction); *cf. Executive Jet*, 409 U.S. at 271, 93 S.Ct. at 506 ("[i]t could be argued" that admiralty jurisdiction would exist over tort claims arising from airplane crash during transatlantic flight). Travel from the mainland to Nantucket Island "would, of necessity, have to be accomplished by ship but for the introduction of [aircraft] into this forum." *Miller v. United States*, 725 F.2d 1311, 1315 (11th Cir.) (admiralty jurisdiction applicable to action arising from crash in international waters of private plane transporting passengers from the Bahamas to Florida), *cert. denied*, 469 U.S. 821, 105 S.Ct. 94, 83 L.Ed.2d 40 (1984). Thus, jurisdiction was properly in admiralty, and "[w]ith this jurisdiction comes the application of substantive maritime law." *Wahlstrom*, 4 F.3d at 1087.

We have carefully considered each of the Prestons' other contentions and find them to be without merit. The judgment of the district court is affirmed.