**Patrick PIKE, Plaintiff,**

v.

**WOODS HOLE OCEANOGRAPHIC INSTITUTION, Defendant.**

**No. 00–CV–12245–MEL.**

United States District Court,
D. Massachusetts.

Dec. 2, 2002.

David B. Kaplan, Kaplan/Bond Group, Boston Fish Pier, Boston, for Patrick Pike, Plaintiff.

Robert J. Murphy, Holbrook & Murphy, Boston, for Woodshole Oceanographic Institution, Defendant.

## MEMORANDUM AND ORDER

LASKER, D.J.

Patrick Pike is a seaman who resides in Bourne, Massachusetts. Pike served as a crew member aboard the Research Vessel "R/V OCEANUS", which is owned, operated, and controlled by Woods Hole Oceanographic Institution. According to his complaint, Pike was employed by Woods Hole as a seaman on or about March 26, 1999, when he "sustained severe and painful personal injuries." Pike has filed a three Count complaint charging Woods Hole with violation of the Jones Act (Count I), unseaworthiness (Count II), and maintenance and cure for his medical expenses.

Woods Hole denies liability and, by way of affirmative defense, asserts that, as a charitable organization, it cannot be held liable for more than $20,000 in damages, pursuant to M.G.L. ch. 231 § 85K. Founded in 1930, Woods Hole is a Charitable Organization that is dedicated to "working and learning at the frontier of ocean sciences." Woods Hole qualifies as a tax-exempt organization under Section 501(c)(3) of the Internal Revenue Code.

## I.

Woods Hole moves for partial summary judgment to limit its liability to $20,000 pursuant to M.G.L. ch. 231 § 85K. Woods Hole stresses that the Massachusetts statute imposing a cap on a charitable institution's tort liability is a sound policy that protects charitable funds so they may be devoted to charitable purposes. It argues that this state law should apply to Pike's cause of action. Though there is not a case on point, Woods Hole analogizes this case to *Morris v. Massachusetts Maritime Academy*, 409 Mass. 179, 565 N.E.2d 422, 1991 AMC 1161 (1991). In *Morris*, the Massachusetts SJC held that the Massachusetts Tort Claims Act's limitation on liability at $100,000 applied to personal injury actions brought against the Commonwealth pursuant to the Jones Act.

Woods Hole points out that the reason for passing the Jones Act was to provide seamen with a federal cause of action for injuries incurred in the course of employment, and that the Act is authorized by the Commerce Clause in the Constitution to foster commerce and profit. Here, however, Woods Hole argues that Pike suffered injuries while he was working for a non-profit organization not as a seaman engaged in commerce. Accordingly, Woods Hole concludes that "the federal concern is de minimis, and state interests should be paramount."

Pike argues that state law is irrelevant to this Jones Act claim. He describes Woods Hole as "a group of four or five Cambridge residents choosing to do business as a Massachusetts Corporation and filing for tax-exempt status under Section 501(c)(3) of the Internal Code." Pike distinguishes *Morris* from the instant case, noting that unlike the defendant in *Morris,* the Woods Hole defendants are not the "Commonwealth or its Agencies" as described in that case. It follows therefore, that the Supreme Judicial Court's Eleventh Amendment analysis in *Morris* is inapplicable to the instant case Pike asserts. On a different note, Pike contends that the admiralty law has always aimed to create uniform laws and standards and that subjecting a vessel to different state laws runs counter to the spirit of admiralty law.

## II.

■ The motion for summary judgment is DENIED. Neither party offers much detail or legal precedent to support their position. In this Circuit, generally, state law is preempted by the Jones Act. *See Southworth Machinery Co., Inc. v. F/V Corey Pride*, 994 F.2d 37, 41 (1st Cir.1993) (attorneys fee provision in state statute, "being inconsistent with maritime law, cannot be applied in this case"); *Carey v. Bahama Cruise Lines*, 864 F.2d 201, 207 (1st Cir.1988) (Mass. comparative negligence law deemed incompatible with maritime law and therefore inapplicable); *Clancy v. Mobil Oil Corp.*, 906 F.Supp. 42 (D.Mass.1995) (holding that injured seaman's loss of consortium claim under state law was preempted by Jones Act).

■ State law is generally preempted where "it contravenes the essential purpose expressed by an act of Congress, or works material prejudice to the characteristic features of the general maritime law, or interferes with the proper harmony and uniformity of that law in its international and interstate relations." *Ballard Shipping Co. v. Beach Shellfish*, 32 F.3d 623, 627 (1st Cir.1994) (citations omitted). It is true that if there is no direct conflict between the state and federal law, then state law can "supplement" federal maritime law. In the present case, however, there *is* a conflict between the state law, which imposes a $20,000 ceiling on Pike's ability to recover for his injuries, and the Jones Act, which incorporates the damages re-

covery provision of Federal Employers' Liability Act (FELA). 45 U.S.C. § 51.

Woods Hole relies entirely on *Morris v. Massachusetts Maritime Academy,* 409 Mass. 179, 565 N.E.2d 422 (1991), which I do not find relevant. In *Morris,* the SJC applied the Massachusetts Tort Claims Act (MTCA) liability cap to a Jones Act case brought against the Commonwealth. However, several of the facts in *Morris* differ from Pike's case. In its treatment of preemption, *Morris* focuses on the Eleventh Amendment and analyzes whether the state may assert sovereign immunity as a shield to liability against a Jones Act claim. Moreover, in *Morris* here the SJC applied the MTCA cap, on the grounds that the statute's language expressly (a) waived sovereign immunity, while (b) limiting liability to $100,000.

The rationale for imposing a cap on recovery against a charitable organization differs significantly from the reasons for applying the Eleventh Amendment doctrine to a state. Accordingly, *Morris* does not serve as guidance. In the instant case, there is certainly a conflict between the state and federal laws on whether Pike can recover damages that exceed $20,000. "Damage recovery rules are substantive for purposes of applying federal maritime law." *Preston v. Frantz,* 11 F.3d 357 at 359 (2d Cir.1993).

### III.

Under preemption doctrine and the supremacy clause, the partial motion for summary judgment is denied.

It is so ordered.